872 F.2d 418
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles LINEBERGER, Plaintiff-Appellant,
v.
Lieutenant HEAILY, V. Hill, Jr., F. Bolding, Greene,
Defendants-Appellees.
Charles LINEBERGER, Plaintiff-Appellant,
v.
Lieutenant HEAILY, V. Hill, Jr., F. Bolding, Greene,
Defendants-Appellees.
Charles LINEBERGER, Plaintiff-Appellant,
v.
Lieutenant HEAILY, V. Hill, Jr., F. Bolding, Greene,
Defendants-Appellees.
 Nos. 88-7810, 88-7811 and 88-7817.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1989.
Decided March 13, 1989.
 
 Charles Lineberger, appellant pro se.
 Eric Karl Gould Fiske, Office of the Attorney General of Virginia, for appellees.
 Before WIDENER, K.K. HALL, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Lineberger appeals the district court's orders dismissing his 42 U.S.C. Sec. 1983 action (88-7817), and denying his motion for appointment of counsel (88-7810), and his motion for a jury trial (88-7811). Lineberger's action was referred to a United States Magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B). The magistrate recommended that relief be denied and advised Lineberger that the failure to file timely objections to his recommendations could waive appellate review of a district court order based upon the recommendation. Despite this warning, Lineberger failed to object to the magistrate's recommendations.
 
 
 2
 This Court has held that the timely filing of objections to a magistrate's recommendation is necessary to preserve appellate review of the substance of that recommendation where the parties have been warned that failure to object will waive appellate review. Wright v. Collins, 766 F.2d 841 (4th Cir.1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984). See Thomas v. Arn, 474 U.S. 140 (1985). Appellant has waived appellate review by failing to file objections after receiving proper notice. We accordingly affirm the judgment of the district court in 88-7817.
 
 
 3
 Lineberger's other appeals are equally without merit. Under 28 U.S.C. Sec. 1291, this Court has jurisdiction over appeals from final orders. A final order is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). As neither the order denying the motion for appointment of counsel nor the order denying the motion for a jury trial are final orders, they are not appealable under 28 U.S.C. Sec. 1291. At the time the notices of appeal were filed, the district court had not directed entry of final judgment as to Lineberger's claim or the parties under Fed.R.Civ.P. 54(b). Nor are the orders appealable under the provisions of 28 U.S.C. Sec. 1292. Finally, the orders are not appealable as collateral orders under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).
 
 
 4
 Finding no basis for appellate jurisdiction for these two orders, we dismiss the appeals as interlocutory. Even if we were to assume that Lineberger's notice of appeal of this final judgment was sufficient to preserve review of these earlier orders, we would find no merit to Lineberger's claims. The district court did not abuse its discretion in denying the motion for appointment of counsel. The issues in this case were not complex and Lineberger demonstrated his ability to adequately represent his interests in the underlying proceeding. See Whisenant v. Yuam, 739 F.2d 160 (4th Cir.1984). Similarly, we find no abuse of discretion in the district court's order denying Lineberger's untimely request for a jury trial. See McCray v. Burrell, 516 F.2d 357, 371 (4th Cir.1975), cert. dismissed 426 U.S. 471 (1976).
 
 
 5
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 No. 88-7810 DISMISSED.
 
 
 7
 No. 88-7811 DISMISSED.
 
 
 8
 No. 88-7817 AFFIRMED.