**John Z. MARDESICH, Appellant,**

v.

**Charles J. MARCIEL and Lucy Marciel, Appellees.**

No. 74–3338.

United States Court of Appeals, Ninth Circuit.

July 14, 1976.

Daniel C. Olney, of Olney, Levy, Kaplan & Tenner, Wilimington, Cal., for appellant.

Herbert R. Lande, of Manns, Manns & Lande, Beverly Hills, Cal., for appellees.

### OPINION

Before ELY and WALLACE, Circuit Judges, and CRARY,* District Judge.

PER CURIAM:

Mardesich instituted a personal injury suit under 46 U.S.C. § 688 (the Jones Act) and general maritime law. After a non-jury trial, the District Court entered a judgment for Mardesich in the amount of $13,-000. Mardesich appeals, arguing that the District Court either refused to exercise

---

* The Honorable E. Avery Crary, Senior United States District Judge, Central District of California, sitting by designation.

discretion or abused its discretion in denying Mardesich's motion for relief from his waiver of a jury trial under Fed.R.Civ.P. 39(b). Mardesich had never formally demanded a jury trial, as he had the right to do under the Jones Act. He requested to be relieved from his waiver at the pre-trial hearing on the alleged basis of "slight oversight," but the District Court denied the request. We affirm.

Mardesich wrongly characterizes the District Court's decision as a failure to exercise discretion, when, as we see the facts, the District Court had virtually no discretion to exercise. The only reason advanced by Mardesich in support of his motion for relief was oversight or inadvertence in failing properly to demand a jury trial.

The Court of Appeals for the Second Circuit has adopted a rather stringent rule, holding that "[u]ntimely requests for jury trial must be denied unless some cause beyond mere inadvertence is shown." *Galella v. Onassis,* 487 F.2d 989, 996 (2nd Cir. 1973). In adopting its position the Second Circuit has apparently been persuaded by a consistent line of district court cases denying relief based on mere inadvertence, effectively narrowing the allowable scope of the trial court's discretion "to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief." *See Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2nd Cir. 1967) (Emphasis in original).

Whatever the test that should be applied, it is clear from the record here that the District Court did not abuse its discretion, such as it had, in denying Mardesich relief from his waiver. *See Rutledge v. Electric Hose & Rubber Co.,* 511 F.2d 668, 675 (9th Cir. 1975); *Tomlin v. Pope & Halbot Inc.,* 282 F.2d 447, 449 (9th Cir. 1960).

AFFIRMED.