For the reasons indicated, it is ORDERED that the defendant's motion be DENIED.

Ted **WALLACE**, Plaintiff,

v.

**NATIONWIDE INSURANCE COMPANY**, Defendant.

Civ. A. No. 79–3358–H.

United States District Court, S. D. West Virginia, Huntington Division.

Jan. 25, 1982.

---

564

James Allan Colburn, Baer, Napier & Colburn, Huntington, W. Va., for plaintiff.

Robert L. Elkins, Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Plaintiff moves this Court to grant him leave to amend his complaint so as to include a demand for jury trial, pursuant to *Rule* 39(b), Federal Rules of Civil Procedure. Defendant vigorously opposes Plaintiff's motion. Both parties have filed memoranda in support of their respective positions. For the reasons set out below, this Court hereby grants Plaintiff's motion and ORDERS that Plaintiff shall be allowed to amend his complaint so as to include a demand for a jury trial.

### I. *Litigation's History*

Plaintiff instituted this action in October, 1979, when Plaintiff filed a complaint which did not contain a demand for a jury trial, pursuant to *Rule* 38(b), Federal Rules of Civil Procedure. After having obtained an enlargement of time, Defendant filed its answer in December, 1979. Defendant likewise did not demand a trial by jury. Throughout 1980 and 1981, this action proceeded into the discovery stage. On November 19, 1981, this Court conducted a status conference with counsel of record during which it scheduled the trial of this action for Monday, May 10, 1982. The subject of a jury trial was raised for the first time during this status conference when one of this Court's law clerks observed, so

as to confirm, that neither party had requested a jury trial as of that date. On November 20, 1981, Plaintiff filed this motion to which Defendant filed a response on November 30, 1981. Subsequently, both parties have filed memoranda of law in support of their respective positions.

## II. Plaintiff's Waiver of his Right to A Jury Trial as Preserved by Rule 38(a), Federal Rules of Civil Procedure.

■ Since Plaintiff did not comply with Rule 38(b), Federal Rules of Civil Procedure, this Court finds that Plaintiff has waived his Seventh Amendment right to a jury trial. See *Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 938 (4th Cir. 1980). This Court concludes, therefore, that Plaintiff is not entitled to have his motion granted as a matter of right.

## III. Rule 39(b), Federal Rules of Civil Procedure[1]

"The factors which courts have weighed when deciding whether to grant a jury trial under *Rule* 39(b) include (1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex) ... (2) any prejudice that granting a jury trial would cause the opposing party ... (3) the timing of the motion (early or late in the proceedings) ... (4) any effect a jury trial would have on the court's docket and the orderly administration of justice . . . . ."

*Pennsylvania Millers Mut. Ins. Co., supra,* at 940, n. 11. As outlined below, a balancing of these factors in the case at bar convince this Court that it should exercise its discretion and grant Plaintiff's motion for leave to amend his complaint so as to include a demand for a jury trial.

1. *Jury Issue.*

■ The issue to be tried in this case is whether the Defendant, insurer, acted in bad faith in refusing to settle, within the policy limits, a claim which was made against one of its insured by the Plaintiff. As Plaintiff points out, the issue is not complex. Plaintiff has also represented to this Court that the evidence in this case is not complex and that the jury will not be exposed to quantities of documents and "technicalities" beyond their ability to comprehend.

Defendant argues, however, that this issue would be more appropriately tried by the Court, (1) since it is one of mixed fact and law, and (2) since this issue involves a body of unsettled law in West Virginia. Defendant's arguments, however, are unpersuasive.

This Court finds that the issue to be tried in this case is essentially factual and well within a jury's comprehension. Similarly, the fact that West Virginia law may be unsettled on this issue does not preclude, or necessarily even militate against, a jury trial. Such is the case since any verdict returned against the Defendant could be challenged just as easily on the Court's instructions in a jury trial as it could be on the Court's conclusions of law in a bench trial.

2. *Defendant is Not Prejudiced.*

■ Plaintiff filed his *Rule* 39(b) motion more than six months before the scheduled trial date. This Court is entering this Memorandum Opinion and Order, granting Plaintiff's motion, nearly four months prior to the trial of this action. Accordingly, this Court finds that Defendant, who still has ample time to prepare for a jury trial, is not prejudiced by this Court's decision to grant Plaintiff's motion.

---

1. When considering a motion to amend a complaint so as to include a demand for a jury trial, pursuant to *Rule* 39(b), Federal Rules of Civil Procedure, this Court begins its analysis cognizant of the fundamental principle that "[R]ule [39(b)] ... [is] not intended to serve as a device to circumvent or bypass the positive action that must be taken under *Rule* 38 to obtain jury trial." 9 Wright & Miller, *Federal Practice and Procedure,* § 2334, p. 115 (1971) and cases cited in n. 37.

### 3. Timing of Plaintiff's Motion.

Though this factor weighs heavily against Plaintiff who did not request a jury trial until nearly two years after the commencement of this action, this Court cannot conclude that Plaintiff's delay requires the denial of his motion. This is especially true where, as is the case here, Defendant has ample time to prepare for a jury trial on the scheduled trial date.

### 4. Judicial Economy.

Contrary to the arguments and concerns advanced by Defendant, it is this Court's experience that while a jury trial can require more "in courtroom time" than a bench trial, the latter clearly places a greater burden on this Court's limited time and resources than does the former. Accordingly, this Court finds that judicial economy is served by granting Plaintiff's motion.

Having thoroughly considered the arguments advanced by counsel in their memoranda, and having weighed the aforementioned factors, Plaintiff's motion to amend his complaint so as to include a demand for a jury trial is hereby granted.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.