Margaret H. MARTIN

v.

**PEPSI–COLA BOTTLING CO., et al.**

Margaret H. MARTIN

v.

**Robert LAPPIN, et al.**

Civ. Nos. Y–84–3654, Y–85–2948.

United States District Court,
D. Maryland.

May 28, 1986.

Paul M. Vettori and Bruce G. Harris, Baltimore, Md., for plaintiff.

Ira L. Oring and Matthew W. Nayden, Baltimore, Md., for defendant Pepsi-Cola.

Dana N. Pescosolido and Meryl W. Rosen, Baltimore, Md., for defendants Robert T. Shircliff, Robert T. Shircliff and Associates, Inc., and Robert Lappin.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff Margaret Martin originally filed this lawsuit in 1984 (the 84 action) with two other party plaintiffs against Pepsi-Cola Bottling Company of Hartford-Springfield, Inc., ("PHS"), and Pepsi-Cola Bottling of New Haven, Inc. ("PNH"). Plaintiff alleges that the two companies reacquired stock from her without informing her of the pending sale of the two companies to Alistar Beverage Corporation. In May of 1985, plaintiff moved for leave to amend the complaint, seeking to delete the other party plaintiffs, and to add the following defendants, whom she alleges participated in the scheme to withhold material information about the negotiations and eventual sale to Alistar: Robert Lappin, Robert T. Shircliff and Robert T. Shircliff and Associates, Inc., and Pepsico, Inc. After the original defendants opposed her motion to amend, plaintiff filed a new suit (the 85 action) against the same defendants she sought to add by amendment in the 84 action, presumably to avoid limitations problems.

Plaintiff failed to demand a jury trial within ten days after defendants answered her original complaint in the 84 action, thus waiving her right to a jury trial under Federal Rule of Civil Procedure 38(d). Her amended complaint in the 1984 action and her 85 action complaint demanded jury trials. The 84 action defendants

moved to strike her demand for a jury trial. The Court granted leave to amend the 84 action complaint, but the motion to strike demand for a jury trial is still pending. Plaintiff has also moved the Court to order trial by jury on her claims against the original defendants in the 84 action, pursuant to Rule 39(b).

Defendant's motion to strike demand for a jury trial will be denied, and the Court will order trial by jury on all issues raised in both cases under Rule 39(b). A Rule 39(b) motion is committed to the sound discretion of the district court. *Justice v. Pennzoil Co.,* 598 F.2d 1339, 1345 (4th Cir. 1979), *cert. denied,* 444 U.S. 967, 100 S.Ct. 457, 62 L.Ed.2d 380. The Fourth Circuit has noted that the courts weigh four factors when considering a Rule 39(b) motion. *Malbon v. Pennsylvania Millers Mutual Insurance Co.,* 636 F.2d 936, 940 n. 11 (4th Cir.1980).

1. "whether the issues are more appropriate for determination *by a jury or a judge*"

The complaint does not present issues so complex as to make jury resolution difficult. And allegations of fraud and failure to disclose will probably turn on the credibility of the parties, where resolution by a jury may be particularly appropriate.

2. "any prejudice that granting a jury trial would cause the *opposing party*"

Defendants have made no showing of prejudice.

3. *"the timing of the motion"*

Discovery will not be completed until October, and trial is scheduled for December. The defendants have ample time to prepare for a jury trial.

4. "any effect a jury trial would have on the court's docket and the orderly administration *of justice*"

Defendants apparently concede that plaintiff is entitled to a jury trial on her claims against the additional defendants named in the amended complaint and the 85 action. Because the claims against all the defendants involve a common set of transactions, bifurcated proceedings would greatly increase administrative expenses.

Accordingly, plaintiff's motion under Rule 39(b) will be granted.

Plaintiff has moved to consolidate the 85 and 84 actions. Defendant has moved to stay the 85 action. Because leave to amend has been granted in the 84 action, and because plaintiff now has a right to a jury trial on all claims in the 84 action, the Court cannot perceive any reason not to dismiss the 85 action. Plaintiff will have fifteen days after this Order to amend the first amended 84 complaint to include any additional material from the 85 complaint.

Defendants Robert Shircliff and his company Robert Shircliff Associates, Inc. (collectively referred to as Shircliff) have moved to dismiss. Plaintiff's first amended complaint in the 84 action alleges that Shircliff acted as a broker for defendant Robert Lappin in the sale of Lappin's two Pepsi Bottling companies to Alistar. The complaint alleges that Shircliff knew that Lappin and his two companies were negotiating with plaintiff for the sale of her minority interest in the companies, and that plaintiff was unaware of the simultaneous negotiations with Alistar that would have enhanced the value of her shares. The complaint alleges that "Shircliff knowingly agreed with PNH, PHS and defendant Lappin to follow and engage in this course of conduct, participated in this conduct and aided and abetted this deliberate concealment." First amended complaint, paragraph 21.

█ Count I of the first amended complaint alleges direct violations of Section 10(b) of the Securities Exchange Act and Rule 10b–5 by all the defendants, claiming that the defendants fraudulently omitted to state material facts to plaintiff before she sold her stock to Lappin. Paragraph 24. The direct violation count against Shircliff must be dismissed, because plaintiff has failed to allege facts that would support the existence of a relationship with Shircliff that would impose a duty to disclose upon him. Shircliff was not an officer or director of the two Pepsi Bottling compa-

nies, and he did not deal directly with the plaintiff. *See Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 12–13 (2d Cir.1983), *cert. denied sub. nom. Moss v. Newman*, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984).

▇ Count I also alleges a conspiracy to violate Section 10(b) and Rule 10(b)–5 on the part of all defendants, and alleges that the defendants aided and abetted the scheme to defraud plaintiff by omitting to state material facts to her before she sold her stock. The Supreme Court has specifically declined to decide whether the Securities Exchange Act permits aider-and-abettor liability, *see Herman & MacLean v. Huddleston*, 459 U.S. 375, 379, 103 S.Ct. 683, 685 n. 5, 74 L.Ed.2d 548 (1983), but the theory of aider-and-abettor liability has won widespread acceptance in the lower federal courts, and specifically in the Fourth Circuit. *See IIT, An International Investment Trust v. Cornfeld*, 619 F.2d 909, 922 (2d Cir.1980) (collecting cases); *In re Action Industries Tender Offer*, 572 F.Supp. 846, 853 (E.D.Va.1983); *Rosengarten v. Buckley*, 565 F.Supp. 193, 195 (D.Md.1982); *Frankel v. Wyllie & Thornhill, Inc.*, 537 F.Supp. 730, 742–43 (W.D.Va. 1982); *Gilbert v. Bagley*, 492 F.Supp. 714, 727–28 (M.D.N.C.1980); *Kaufman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 464 F.Supp. 528, 535 (D.Md.1978); *Pargas, Inc. v. Empire Gas Corp.*, 423 F.Supp. 199, 240 (D.Md.1976), *aff'd*, 546 F.2d 25 (4th Cir.1976).

The courts have generally agreed that plaintiff must prove three elements to establish liability under an aiding-and-abetting theory: "(1) primary fraud by principal; (2) the aider's knowledge of or reckless disregard of the possibility of primary fraud; (3) the aider's substantial assistance of the primary fraud." *Rosengarten v. Buckley, supra*, 565 F.Supp. at 195. Here plaintiff has clearly alleged primary fraud by the two Pepsi Bottling companies and Lappin. The last two prongs are more difficult, especially where, as here, plaintiff has alleged substantial assistance through mere inaction. *See IIT, supra*, 619 F.2d at 925.

Several cases have suggested that where there is no direct duty to disclose, there can be no aider-and-abettor liability for mere inaction. *See, e.g., Wessel v. Buhler*, 437 F.2d 279 (9th Cir.1971); *Landy v. Federal Deposit Insurance Corp.*, 486 F.2d 139 (3rd Cir.1973), *cert. denied*, 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312. Those cases generally do not involve the same level of complicity as is alleged here. For example, the complaint in *Landy, supra*, did not allege that the defendants had knowledge of the fraudulent scheme. 486 F.2d at 162. Such cases are also in a distinct minority, and the Court finds their reasoning unpersuasive. *See* discussion of secondary liability in *IIT, supra*, 619 F.2d at 925–927.

In an able summation of precedent in this area, Judge Friendly's opinion for the Second Circuit in *IIT* suggested a sliding scale for scienter in aider-and-abettor liability:

When it is impossible to find any duty of disclosure, an alleged aider-abettor should be found liable only if scienter of the high "conscious intent" variety can be proved. Where some special duty of disclosure exists, then liability should be possible with a lesser degree of scienter.

619 F.2d at 925, *quoting Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 97 (5th Cir.1975). Plaintiff's first amended complaint fairly alleges scienter of "high conscious intent," and thus satisfies the second prong of the test for aider-abettor liability.

Synthesizing precedent from other circuits holding "that mere inaction can constitute substantial assistance even in the absence of an independent duty to disclose if, but only if, there is a 'conscious intention' to forward the violation of Rule 10b–5," Judge Friendly wrote:

[The cases uphold] aider and abettor liability in the absence of some independent duty to act only when there is clear evidence of the required degree of scienter, and a conscious and specific motivation for not acting on the part of an entity

with a direct involvement in the transaction.

*IIT, supra,* 619 F.2d at 926, 927, *citing Woodward, supra; SEC v. Coffey,* 493 F.2d 1304 (6th Cir.1974), *cert. denied,* 420 U.S. 908, 95 S.Ct. 826, 42 L.Ed.2d 837 (1975); *Brennan v. Midwestern United Life Ins. Co.,* 417 F.2d 147 (7th Cir.1969), *cert. denied,* 397 U.S. 989, 90 S.Ct. 1122, 25 L.Ed.2d 397 (1970); *Rochez Brothers, Inc. v. Rhoades,* 527 F.2d 880 (3rd Cir.1975); *Gould v. American-Hawaiian S.S. Co.,* 535 F.2d 761 (3rd Cir.1976); *Edwards & Hanly v. Wells Fargo Securities Clearance Corp.,* 602 F.2d 478 (2d Cir.1979), *cert. denied,* 444 U.S. 1045, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980).

The Court finds Judge Friendly's analysis of the case law persuasive, and also believes that *IIT*'s test for inaction aider-abettor liability serves public policy. The requirement of "high conscious intent" and "conscious and specific" motivation to aid and abet the fraud will hopefully serve to deter nuisance suits against defendants who merely performed clerical duties without knowledge that they were furthering allegedly fraudulent transactions. It will also preserve causes of action against members of the financial community who knowingly participate on the fringes of fraudulent schemes for personal gain. Two other district court opinions in the Fourth Circuit have adopted various parts of Judge Friendly's formulation. *Frankel v. Wyllie & Thornhill, supra,* 537 F.Supp. at 743; *Kaufman v. Merrill Lynch, supra,* 464 F.Supp. at 536.

Plaintiff in this case has alleged the necessary high conscious intent to participate in a fraudulent scheme. Plaintiff has also alleged that Shircliff had a financial incentive to participate in the fraud, because it was acting as a broker in the sale of the two Pepsi Bottling companies to Alistar. Accordingly, Shircliff's motion to dismiss must be denied as to the aiding and abetting claim in Count I of the first amended complaint.

■ Count II of the first amended complaint alleges that each defendant violated Maryland's Securities Act, Md.Ann.Code Corps. & Associations, § 11–703 *et seq.* Section 11–703(i) of the Maryland Act expressly precludes any implied rights of action, and Sections 11–703(a) and (c) specifically define the classes of persons who may be liable for the commission of fraud under the Act. The Act extends liability to "every employee of the person" who "materially aids in the commission of the fraud." The complaint alleges that Shircliff acted as a broker for defendant Lappin. In her response to Shircliff's motion to dismiss, plaintiff claims that Shircliff was an employee of Lappin.

The allegations of the complaint are insufficient, because a broker would ordinarily be an independent contractor under Maryland law. *See Rubin v. Weissman,* 59 Md.App. 392, 475 A.2d 1235 (1984). Plaintiff will be given leave to amend the complaint to allege facts which would give rise to an employment relationship between Shircliff and Lappin.

■ Counts III and IV of the first amended complaint allege fraud and breaches of fiduciary duty against all the defendants. Plaintiff's only factual allegation against Shircliff is that he failed to disclose to her that Lappin was negotiating with Alistar. She does not allege that Shircliff made any false or misleading statements to her. In order to establish common law fraud in Maryland for a misleading failure to disclose, there must be a relationship of trust that creates a duty to disclose. *See* discussion and cases collected in *Equitable Trust Co. v. G & M Construction Corp.,* 544 F.Supp. 736, 743–44 (D.Md.1982).

Plaintiff has not alleged any facts indicating a relationship with Shircliff that would have created a duty to disclose. Shircliff had no direct dealings with plaintiff, was not an officer of the two Pepsi Bottling companies, and occupied no position of discretion or trust giving rise to a fiduciary relationship. It may appear anomalous to hold that Shircliff may be liable for aiding and abetting fraud by failing to

disclose, and then say that Shircliff had no duty to disclose. However, it would also be anomalous to hold that a civil conspiracy to defraud creates a relationship of trust between conspirator and victim. Plaintiff has adequate remedies under the aiding and abetting theory and under Count V of the complaint alleging civil conspiracy. Accordingly, Shircliff's motion to dismiss must be granted as to Counts III and IV.

■ Count V of the first amended complaint alleges that all the defendants participated in a civil conspiracy to defraud the plaintiff. Under Maryland law, "A civil conspiracy is a combination of two or more persons by an agreement or understanding to accomplish an unlawful act ... with the further requirement that the act or the means employed must result in damages to the plaintiff." *Green v. Washington Suburban Sanitary Commission*, 259 Md. 206, 221, 269 A.2d 815 (1970). Here plaintiff alleges that Shircliff had knowledge of the conspiracy to buy her minority shares cheap, without informing her of the pending sale of the two Pepsi Bottling companies to Alistar, and that Shircliff acted as Lappin's broker in furtherance of the conspiracy. Plaintiff has thus alleged a cause of action against Shircliff for civil conspiracy. Shircliff's motion to dismiss will be denied as to Count V.

Defendant Pepsico has moved to dismiss. In paragraph 21 of the first amended complaint, plaintiff alleges that Pepsico knew about the negotiations with Alistar, and knew that plaintiff was unaware of those negotiations. Plaintiff alleges that "Defendant Pepsico withheld information from Plaintiff about the sale, agreed expressly or impliedly with the other Defendants that such information should be withheld, and made material misstatements of fact despite Plaintiff's inquiries to Defendant Pepsico."

■ Count I of the complaint alleges both direct violation and aiding and abetting theories against Pepsico under Rule 10b–5. Pepsico correctly cites *Chiarella v. United States*, 445 U.S. 222, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980) for the proposition that it had no pre-existing relationship of trust and confidence with plaintiff that would have given rise to a duty to disclose. However, plaintiff has alleged that Pepsico made affirmative misrepresentations to her. "A duty to speak the full truth arises when a defendant undertakes to say anything." *First Virginia Bankshares v. Benson*, 559 F.2d 1307, 1317 (5th Cir.1977). Accordingly, plaintiff has alleged a cause of action against Pepsico for a direct violation of the Securities Exchange Act. Plaintiff has also alleged the three elements of an aiding-and-abetting claim against Pepsico: the existence of a securities violation by Lappin and the two Pepsi Bottling companies, knowledge of this violation on the part of Pepsico, and "substantial assistance" by Pepsico, in the form of affirmative misrepresentation that prevented the plaintiff from discovering the conspiracy. *See Rosengarten v. Buckley, supra,* 565 F.Supp. at 195. Accordingly, Pepsico's motion must be denied as to Count I.

Pepsico moved to dismiss Count II of the complaint, alleging violations of the Maryland securities law. Plaintiff has indicated that it did not mean to include Pepsico in Count II, and Pepsico's motion will thus be granted.

■ Count III of the complaint alleges common law fraud against Pepsico. Plaintiff has generally alleged the five elements for fraud or deceit under Maryland law:

1. the making of a false representations;

2. which is either actually known to be false or made with reckless indifference to the truth;

3. for the purpose of defrauding the party claiming injury;

4. the person to whom it is made must have relied on it, in the full belief of its truth, so that he would not have done the act from which injury resulted had the misrepresentation not been made; and

5. he must have suffered damage directly resulting from the fraudulent misrepresentation.

*See Equitable Trust Co. v. G & M Construction Corp., supra,* 544 F.Supp. at 743, and cases collected at 743–744.

However, plaintiff has not pleaded fraud with the requisite specificity under Federal Rule of Civil Procedure 9(b). Plaintiff will be given leave to amend the complaint to allege the time, place, context, and participants in the conversation that resulted in the allegedly fraudulent statements, as well as a recitation of just what the allegedly fraudulent statements were. Pepsico's motion will be denied as to Count III pending those amendments.

Plaintiff's allegations against Pepsico sufficiently plead a cause of action for civil conspiracy under the principles discussed above. Accordingly, Pepsico's motion to dismiss will be denied as to Count V.

## ORDER

In accordance with the attached Memorandum, it is this 28th day of May, 1986, by the United States District Court for the District of Maryland, ORDERED:

1. That defendants' motion to strike demand for a jury trial BE, and the same IS, hereby DENIED;

2. That plaintiff's motion for a jury trial under Rule 39(b) BE, and the same IS, hereby GRANTED as to all claims in Y–84–3654;

3. That plaintiff's motion to consolidate proceedings in cases Y–84–3654 and Y–85–2948 BE, and the same IS, hereby DENIED;

4. That defendants' motion to stay proceedings in Y–85–2948 BE, and the same IS, hereby DENIED as moot;

5. That the complaint in Y–85–2948 BE, and the same IS, hereby DISMISSED WITHOUT PREJUDICE;

6. That defendants Shircliff and Shircliff Associates' motion to dismiss BE, and the same IS, hereby GRANTED as to paragraph 24 of the first Count, and as to Counts III and IV of the first amended complaint in Y–84–3654, and DENIED as to the rest of Count I, Count II pending amendment, and Count V;

7. That defendant Pepsico's motion to dismiss BE, and the same IS, hereby GRANTED as to Count II of the first amended complaint in Y–84–3654, and DENIED as to Counts I, III, and V;

8. That plaintiff be granted leave to amend her first amended complaint in Y–84–3654 to include any additional material from the complaint in Y–85–2948, any facts to indicate an employee relationship between defendants Shircliff and Shircliff Associates and defendant Lappin, and to plead the nature of the fraudulent statements allegedly made by defendant Pepsico, including the time, place, context, and parties to those allegedly fraudulent statements;

9. All amendments provided for herein are to be made within fifteen (15) days. Failure to do so will result in the dismissal of those counts; and

10. That a copy of this Memorandum and Order be mailed to the parties.