See also, D.C., 733 F.Supp. 855

## Re EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### v.

### BRITRAIL TRAVEL INTERNATIONAL CORP.

### Civ. A. No. 89–2372.

United States District Court,
D. New Jersey.

Dec. 1, 1989.

Danny Elmore, E.E.O.C., Philadelphia, Pa., for plaintiff.

Alan S. Goldberger, Goldberger & Goldberger, Clifton, N.J., for defendant.

### LETTER–OPINION AND ORDER

RONALD J. HEDGES, United States Magistrate.

### INTRODUCTION

Defendant Britrail Travel International, Inc. ("Britrail") has moved to strike the jury demand from the Amended Complaint filed by plaintiff Equal Employment Opportunity Commission ("EEOC"). For the reasons set forth herein, I am satisfied that this motion should be denied.

---

On May 22, 1989, EEOC filed a Complaint against Britrail alleging unlawful employment practices in terminating employees on the basis of age. This original complaint did not contain a jury trial demand. Thereafter, with leave of Court, EEOC filed an Amended Complaint on September 18, 1989 which included a jury demand.

## DISCUSSION

Rule 38(b) provides that a demand for a jury trial must be made not later than ten (10) days from when the last pleading is served. If the original pleadings effectively waive a jury trial, "the right to trial by jury of all matters contained in those pleadings cannot be revived by amending the original pleadings." *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir.1977). However, Rule 39(b) grants the Court discretion to order a jury trial although a party failed to make a jury demand within the mandated time period. I deem EEOC's opposition to this motion to be an application for relief under Rule 39(b).

In determining whether to grant a late jury demand, the Court must recognize that " 'the right of jury trial is fundamental [and] courts [should] indulge every reasonable presumption against waiver.' " *Collins v. Government of the Virgin Islands*, 366 F.2d 279, 284 (3d Cir.1966) (*quoting Aetna Insurance Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 811–12, 81 L.Ed. 1177 (1937)). The Third Circuit noted in *Collins* that maintaining the jury as factfinder is of great importance and, thus, " 'any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.' " 366 F.2d at 284 (*quoting Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501, 79 S.Ct. 948, 952, 3 L.Ed.2d 988 (1959)). Therefore, the Court should look favorably toward a Rule 39(b) motion unless persuasive reasons exist to deny it. *See Lewis v. Thigpen* 767 F.2d 252, 257 (5th Cir.1985). Persuasive reasons not to grant a 39(b) motion may "include the disruption of the Court's own docket and prejudice to the opposing party." *Lewis*, 767 F.2d at 260 n. 12.

Here, EEOC states that the jury demand was not timely made due to inadvertence. Britrail contends that counsel's inadvertence is an insufficient reason for permitting a late jury demand and relies upon *Walton*. However, in *Walton* the plaintiff explicitly waived its right to a jury trial as "[t]he words '(JURY TRIAL WAIVED)' appear at the head of [the] complaint." 563 F.2d at 72 n. 6. I am satisfied that *Walton* does not control here and that relief under Rule 39(b) is warranted. Granting this relief will not prejudice Britrail or disrupt the Court's docket. "Technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules." C. Wright and A. Miller, 9 *Federal Practice and Procedure* § 2334 at 115 (1971) (footnote omitted).

Accordingly, Britrail's motion is denied.

SO ORDERED.