Susan W. VANNOY, Plaintiff,

v.

Jay A. COOPER and Mommy Market Productions, Inc., Defendants.

Civ.A. No. 3:94cv620.

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 11, 1995.

---

Jane Chittom, Mark E. Rubin, Shuford, Rubin & Gibney, Richmond, VA, for plaintiff.

Edward E. Cooper, Barbara P. Flanagan, Wright, Robinson, McCammon, Osthimer & Wright, Richmond, VA, for defendants.

## MEMORANDUM OPINION

PAYNE, District Judge.

Plaintiff, Susan W. Vannoy, has moved for entry of an order permitting a jury trial pursuant to Fed.R.Civ.P. 39(b).[1] On July 22, 1994, Vannoy instituted this action against Jay A. Cooper and Mommy Market Productions, Inc. by filing a Motion for Judgment in the Circuit Court for the City of Richmond. Vannoy seeks damages for personal injuries arising out of an automobile accident. Vannoy filed an Amended Motion for Judgment on August 3, 1994. On August 25, 1994, defendants filed a Notice of Removal to this court on diversity grounds.

Vannoy failed to make timely demand for a jury trial pursuant to Fed.R.Civ.P. 81(c), the rule governing jury trial demands in instances of removal. The issue was raised at the Initial Pretrial Conference on November 10, 1994. Vannoy filed her Rule 39(b) motion on December 15, 1994. For the reasons stated below, the plaintiff's motion is denied.

## DISCUSSION

Neither party disputes that Vannoy failed to request a jury trial within the time allowed by Fed.R.Civ.P. 81(c). "The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury." Fed.R.Civ.P. 81(c). However, "[n]otwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed.R.Civ.P. 39(b). Resolution of a Rule 39(b) motion is "committed to the discretion of the trial court." *Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 940 (4th Cir. 1980).

■ In *Malbon*, the Fourth Circuit, in *dicta*, synthesized four factors that courts have considered when exercising the discretion conferred by Rule 39(b): (1) whether the issues are more appropriate for determination by a jury or a judge (*i.e.*, factual versus legal, legal versus equitable, simple versus complex); (2) whether permitting a jury trial would prejudice the opposing party; (3) when the motion was made (early or late in the proceedings); and (4) whether granting a jury trial would affect adversely the court's docket and the orderly administration of justice. *Id.* at 940, n. 11. District courts within

---

1. Vannoy's motion and supporting brief state that the motion is made pursuant to Fed.R.Civ.P. 39(c). However, Rule 39(c) addresses advisory juries and jury trials by consent, neither of which are relevant to this case. It appears that Vannoy intended to move pursuant to Fed.R.Civ.P. 39(b), which allows the court in its discretion to grant a jury trial upon motion by a party. The authorities on which Vannoy relies also involve the application of Rule 39(b). Likewise, the defendants responded to Vannoy's motion as if it were a Rule 39(b) motion. The court therefore treats Vannoy's motion as pursuant to Rule 39(b).

the circuit have considered these factors to guide the exercise of their discretion under Rule 39(b). *See Whittaker Corp. v. UNR Indus., Inc.,* No. C–C–88–110–M, C–C–91–177–M, 1992 WL 557697, at *1 (W.D.N.C. Sept. 21, 1992); *Martin v. Pepsi–Cola Bottling Co.,* 639 F.Supp. 931, 933 (D.Md.1986); *Wallace v. Nationwide Insurance Co.,* 94 F.R.D. 563, 565–66 (S.D.W.Va.1982).

Several courts have considered a fifth factor: the reason for the failure to make a timely demand. For example, the United States Courts of Appeals for the Fifth, Sixth and Ninth Circuits have held that it is not an abuse of discretion to deny a Rule 39(b) motion on the ground that failure to make a timely demand was the result of inadvertence. *See Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Services,* 925 F.2d 866, 873 (5th Cir.), *cert. denied,* 502 U.S. 866, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991); *Kitchen v. Chippewa Valley Sch.,* 825 F.2d 1004, 1012–13 (6th Cir. 1987). *Mardesich v. Marciel,* 538 F.2d 848, 849 (9th Cir.1976).[2] Other decisions have specifically articulated five, rather than four, relevant factors for assessment in deciding a Rule 39(b) motion, the fifth being the reason for the failure to make a timely demand. *See Parott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir.), *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983); *Daniel Int'l Corp. v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1064–65 (5th Cir.1990). The Supreme Court of the United States has noted, in *dicta,* that a district court's discretion generally is guided by "the justifiability of the tardy litigant's delay and the absence of prejudice to his adversary." *Pierce v. Underwood,* 487 U.S. 552, 562, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988). These decisions teach that it is appropriate to consider the reason for the failure to make a timely demand in addition to the four factors articulated in *Malbon.*

The defendants have eschewed any discussion of the analysis suggested in *Malbon,*

focusing instead on the reason for the failure to make a timely demand. From the fact that the plaintiff has offered no explanation of her failure to make a timely demand, defendants contend that the reason must be inadvertence. They then contend that, where inadvertence is the cause of the failure to make a timely demand, a Rule 39(b) motion must be denied.

Two circuits have held that Rule 39(b) motions are to be denied where inadvertence is the only reason for the failure to make a timely jury demand. In *Galella v. Onassis,* 487 F.2d 986 (2nd Cir.1973), the Second Circuit held that untimely jury requests "must be denied unless some cause beyond mere inadvertence is shown" *Id.* at 996. The decision in *Galella* is based on the Second Circuit's previous decision in *Noonan v. Cunard Steamship Co.,* 375 F.2d 69 (2nd Cir.1967), wherein the court previously had determined that eighteen decisions by district courts in the Second Circuit holding that mere inadvertence was an insufficient basis on which to grant relief under Rule 39(b) had served "to narrow the allowable scope of discretion." *Id.* at 70. The *Noonan* court went so far as to conclude that "the area open to the judge's discretion has shrunk to determining whether the moving party's showing *beyond mere inadvertence* is sufficient to justify relief." *Id.* (emphasis added).

The reasoning in *Noonan* and *Galella* is not persuasive for several reasons. First, the fundamental premise of *Noonan* and *Galella* is inconsistent with the plain language of Rule 39(b). The text of the rule entrusts to the full range of the district court's discretion the decision whether to relieve a party from its waiver. Nothing in the text of the rule circumscribes the exercise of discretion to preclude relief from the consequences of a waiver caused by inadvertence.[3] Second, although decisions of district courts represent a significant force in defining the application of rules of procedure, those decisions, no

---

**2.** The Fourth Circuit took a similar approach in *Fliakas v. Army Navy Country Club,* No. 85–2365(L), 85–2366, 85–2367, 1986 WL 16277, at *2 (4th Cir. Aug. 11, 1986) (unpubl. dispos.). Of course, unpublished opinions are not controlling in this circuit.

**3.** The Rules certainly could have been written to provide that a court may grant an untimely jury demand only upon a showing of good cause for the failure to make a timely demand. However, they were not.

matter how many their number, cannot per force "narrow" or "shrink" the scope of discretion vested by the plain language of the Federal Rules of Civil Procedure. Third, it seems that the discretion of any court is more fully informed and more wisely exercised upon consideration of the specific reason for failing to file a timely demand for jury trial. That is important when one considers that inadvertence can be borne of a variety of reasons including ignorance and sloth, clerical error by counsel or counsel's staff and such momentous events as death or serious illness which produces a neglect of timely adherence to rules of procedure.

The Ninth Circuit also has held that Rule 39(b) motions must be denied where the failure to make a timely demand was due only to inadvertence. In *Lewis v. Time Inc.,* 710 F.2d 549 (9th Cir.1983), the Ninth Circuit held that the district court's discretion under Rule 39(b) "is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Id.* at 556–57. The two decisions on which the Ninth Circuit relied in *Lewis* do not support the result reached there. In *Mardesich v. Marciel,* 538 F.2d 848 (9th Cir.1976), the Ninth Circuit, in *dicta,* observed that the district court "had virtually no discretion to exercise," apparently because "[t]he only reason advanced by Mardesich in support of his motion for relief was oversight or inadvertence in failing properly to demand a jury trial." *Id.* at 849. Although, the Ninth Circuit acknowledged the rule announced in *Galella,* the Ninth Circuit described it as "a rather stringent rule" and did not adopt it. Rather, the court held that: "[w]hatever the test that should be applied, it is clear from the record here that the District Court *did not abuse its discretion,* such as it had, in denying Mardesich relief from its waiver." *Id.* (emphasis added).

The other decision cited in *Lewis* was *Chandler Supply Co. v. GAF Corp.,* 650 F.2d 983 (9th Cir.1980). There, the Ninth Circuit incorrectly cited *Mardesich* for the proposition that "untimely requests for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Chandler,* 650

F.2d at 987 (citing *Mardesich* and *Galella* ). As explained above, *Mardesich* neither adopted the decision in *Galella,* nor subscribed to the view that inadvertence, standing alone, precluded relief under Rule 39(b). In fact, *Chandler* did not rely entirely on the inadvertence of the untimely demand. In upholding the district court's decision, the Ninth Circuit noted that "the antitrust issues involved were technical and complicated." *Chandler,* 650 F.2d at 988.

Defendants also cite *Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866 (5th Cir.1991) as in accord with the Second and Ninth Circuits. In so doing, they misapprehend the decision in *Farias.* The Fifth Circuit, in *Farias,* recognized the general principle that the court should grant motions for jury trial in the absence of strong and compelling reasons to the contrary. However, the court held that "[i]t is *not an abuse of discretion by a District Judge to deny a Rule 39(b) motion* ... when the failure to make a timely jury demand results from mere inadvertence on the part of the moving party." *Id.* at 873 (citations omitted) (emphasis added). This, of course, does not mean that a district court has a narrowed range of discretion where the untimely demand is the product of inadvertence or that, as required by *Galella* and *Lewis,* the district court "must" deny a Rule 39(b) request where inadvertence is the only reason for delay.

Other courts have concluded that a district court may permit a jury trial even if the untimely demand was the result of inadvertence, so long as the other pertinent factors militate in favor of relieving the party from the consequences of the inadvertent untimely jury demand. *See Rowlett v. Anheuser–Busch, Inc.,* 832 F.2d 194, 199–200 (1st Cir.) (rejecting Second and Ninth Circuits' position that discretion restricted to cases in which some cause beyond mere inadvertence is shown, holding that discretion is broad and that "the case would be very rare indeed where a district court abused its discretion in denying *or* granting a Rule 39(b) motion"); *Orlowski v. TRW, Inc.,* 765 F.Supp. 1277, 1278–79 (E.D.Mich.1991) (noting that Sixth Circuit does not follow the "rigid" approach

to Rule 39(b) motions articulated by the Ninth Circuit in *Lewis*.); *Credit Bureau of Council Bluffs v. Credit Bureau Data Centers, Inc.*, 143 F.R.D. 206, 211 n. 3 (S.D.Iowa 1992) (Eighth Circuit's holding that jury trials ought to be liberally granted when no prejudice results suggests it would not follow the inadvertence or oversight rule); *Equal Employment Opportunity Comm'n v. Britrail Travel Int'l Corp.*, 129 F.R.D. 116, 117 (D.N.J.1989) (untimely jury demand resulting from inadvertence should be granted where no prejudice to opposing party nor disruption of the court's docket); *Carr v. Wal–Mart Stores, Inc.*, 138 F.R.D. 80, 81–82 (M.D.La.1991) (importance of the right to a jury trial, suitability of issues to jury trial, lack of disruption of court schedule, early stage of the proceedings, and lack of prejudice outweigh the fact that the failure to make a timely request resulted from the inadvertence of counsel); *May v. Melvin*, 141 F.2d 22, 78 (D.C.Cir.1944) (trial judge might, in his discretion, have granted untimely motion for jury trial, but did not commit error by denying the motion); *Tavoulareas v. Piro*, 93 F.R.D. 11 (D.D.C.1981) (granting motion for jury trial where failure to make timely demand due to inadvertence because jury trial would cause no prejudice or delay and issue were appropriate for resolution by a jury); *Pawlak v. Metropolitan Life Ins. Co.*, 87 F.R.D. 717 (D.Mass.1980) (fact that demand untimely was result of inadvertence did not forfeit right to jury trial where issues were appropriate for resolution by jury, granting jury trial would neither delay nor lengthen the trial, and no prejudice would result).

Considering the tenuous foundations of *Galella* and *Lewis* in perspective of the language of Rule 39(b), the rather explicit and widely relied upon language of *Malbon*, albeit in *dicta*, and the numerous decisions rejecting the position of the Second and Ninth Circuits, the court does not consider it appropriate to construe Rule 39(b) as it is construed in the Second and Ninth Circuits.

The defendants correctly observe that some decisions from the Norfolk Division of this Court have cited the decisions of the Second and Ninth Circuits. For example, in *Keatley v. Food Lion, Inc.*, 715 F.Supp. 1335 (E.D.Va.1989), the court held that "[u]nless some cause beyond mere inadvertence is shown, untimely requests for jury trials should be denied." *Id.* at 1338. The court explained, however, that "[t]he plaintiff has advanced no reason why the Court should exercise its discretion and order a trial by jury" and that there was "no good cause to order trial by jury." *Id.* Thus, notwithstanding its citation to *Galella*, the court in *Keatley* did not find that it lacked discretion to grant a Rule 39(b) motion seeking relief from inadvertence. Instead, in *Keatley* the court declined to exercise its discretion where the moving party failed to show some good cause beyond mere inadvertence for the failure to make a timely demand. The court clearly did not abuse its discretion in so ruling.

*Keatley* also cites other decisions from the Norfolk Division denying tardy demands for jury trials. The only one of those decisions which is available for review denies Rule 39(b) relief, holding that "[i]t is well settled within this district that Rule 81(c) is strictly enforced where the plaintiff [is] unable to give a compelling reason for the failure to demand trial by jury." *Marshall v. Hobart Corp.*, No. Civ.A. 87–547–N, 1987 WL 59419, at *1 (E.D.Va. Oct. 29, 1987). Again, this decision does not speak in the terms used by the Second and Ninth Circuit concerning a lack of discretion to grant the Rule 39(b) motion. Rather, it evinces an unwillingness to exercise discretion absent a compelling reason to do so. This court reads neither *Keatley* nor *Marshall* as holding that a district court must deny a Rule 39(b) motion that is the result of inadvertence, wholly without consideration of the four *Malbon* factors.

Hence, Vannoy's motion is to be judged in perspective of the justifiability of the delay and the four factors articulated in *Malbon*. We turn now to that assessment.

1. *The Nature Of the Issue*

■ The basic issues in this action for personal injuries arising out of an automobile accident are appropriate for resolution by a jury. The liability issue depends upon who

had, and who failed to yield, the right of way. Because the issues involved are primarily factual rather than legal and simple rather than complex, *Malbon* suggests that they are appropriate for resolution by a jury.[4]

### 2. Prejudice

The defendants have identified no discernible prejudice should the court grant the motion for a jury trial. The only possible prejudice that the court can discern is that the defendants may have conducted discovery on the belief that they were preparing for a bench trial and may not have conducted some discovery that they would have done in preparation for a jury trial. However, because the defendant has made no such argument, the court is unable to conclude that such prejudice in fact exists in this case. Also, because the possibility of a jury trial was discussed at the pre-trial conference, more than a month before discovery cut-off, the defendants had some opportunity to prepare for a potential jury trial. Therefore, the court finds only a minimal potential for prejudice against the defendants.

### 3. Effect On Administration of Justice

There is some, but not much, adverse affect on the court's docket.

### 4. The Timing Of The Motion

The fourth *Malbon* factor, the timing of the motion, is problematic for the plaintiff. The action was filed in July 1994 and removed to this court in August 1994. At the initial pretrial conference on November 10, 1994, the court queried whether the action was to be tried by a jury, thereby flushing the issue for discussion. The motion for relief under Rule 39(b) was not filed until December 15, 1994, some five weeks later and less than one week before the discovery cut-off date. The record reflects no reason for this delay.

Plaintiff argues that the timing of her motion allows defendants time to oppose it and time to prepare for a jury trial. While the former is true, the later is less clearly so. Because the discovery cut-off date has now past, there is no time for the defendants to do any additional discovery that might be more appropriate for a jury trial than a bench trial. But perhaps more importantly, plaintiff and her counsel cannot even contend that they acted as soon as they became aware of the need to move for a jury trial.[5] Instead, they waited five weeks as the trial date and discovery cut-off date quickly approached. In this respect, the timing of the motion militates against granting plaintiff's motion.

### 5. The Reason For Not Demanding A Jury Originally

The record is devoid of any explanation of plaintiff's failure to make the timely demand required by Rule 81(c) or of the five week delay between the pre-trial conference and the filing of this motion. Plaintiff's brief argues that Virginia state court procedure requires only that a jury demand be seasonably made and that it not be interposed for purposes of delay, but does not assert that adherence to state practice was the reason for failing to make the demand following removal.[6] Thus, plaintiff has failed to offer

---

**4.** Of course, juries routinely decide complex factual issues and mixed questions of law and fact, just as judges routinely decide simple factual issues. Our legal system protects the right of a party to demand a trial by jury, regardless of how "suitable" the issues may be for jury resolution. This, of course, vests in the parties initially the determination of whether the action is appropriate for resolution by jury. Where, however, a party inadvertently waives that right and turns to the court's discretion under Rule 39(b), a district court is free to consider whether, in its own judgment, the issues are appropriately left to the judge or to the jury. While the court concludes that the issues in this case are appropriate for a jury, it does so without disparaging in any way the ability of the jury to competently decide complex issues.

**5.** In fact, nothing in the record suggests that the plaintiff was unaware of the need to make a demand prior to the pre-trial conference.

**6.** Of course, such a state practice does not bring this case within the exception clause of Rule 81(c). The exception clause is very narrow and dispenses with the jury demand requirement only when the case would have been set automatically without demand, for jury trial under state law. *See Keatley v. Food Lion, Inc.*, 715 F.Supp. 1335, 1337–38 (E.D.Va.1989); *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 391 (2nd Cir.

any reason for the untimely demand and, on this record, it could be unexplained inadvertence or unexplained vacillation respecting whether a jury trial was desirable or any of several other reasons.

Considering plaintiff's failure to request relief under Rule 39(b) for more than four months after removal and more than five weeks after the court first raised the issue, and taking into account the lack of *any* justification for either failure, the court declines to exercise its discretion to grant the untimely jury demand. While there may be reasons that could justify delay of a jury demand for several months, plaintiff has offered no reason whatsoever. This augers strongly against granting the Rule 39(b) motion. Furthermore, even assuming that plaintiff was unaware of her obligation to make a demand under Rule 81(c), plaintiff did not file her Rule 39(b) motion promptly after becoming aware of the need to do so. Because both the timing of the demand and the motion and the lack of explanation of any delay are uniquely within the power of the moving party, they lead this court to decline the present invitation to grant a jury trial. The court concludes that these factors outweigh those factors which favor granting the motion.

Finding that oral argument would not significantly aid the decisional process, there is no need for a hearing on the motion.

## CONCLUSION

For the foregoing reasons, Vannoy's motion for a jury trial under Rule 39(b) is denied.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.

1983). The Virginia statute plainly requires a demand. *See Keatley,* 715 F.Supp. at 1337; *Blevins v. Lovelace's Ex'r,* 142 Va. 493, 129 S.E. 247, 248 (1925). Plaintiff's argument seems to be that, while her demand was untimely under

Rule 81(c), the court should consider the state practice in exercising its discretion. However, because she does not assert adherence to state practice as the reason for her untimely demand, this argument cannot weigh in her favor.