Michael F. GELARDI, et al., Plaintiffs,

v.

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY,
Defendant.

No. 2:95cv786.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 8, 1995.

Wyatt B. Durrette, Jr., Durette, Irvin &
Bradshaw, P.C., Richmond, VA, for Plain-
tiffs.

Edwin Ford Stephens, Christian, Barton,
Epps, Brent & Chappell, Richmond, VA, for
Defendant.

## MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District
Judge.

This matter is before the court for resolu-
tion of Plaintiffs' Motion for a Jury Trial,
pursuant to Federal Rule of Civil Procedure
39(b). For the reasons articulated below, the
court **DENIES** the Motion.

### A. Factual and Procedural History

Plaintiffs, Michael F. Gelardi, Eli S. Cho-
vitz, Michael T. Leibig and Robert W. Ma-
thieson, as Trustees of Centurion Health
Trust, filed this action in the Circuit Court
for the City of Virginia Beach on June 13,
1995. Their original Motion for Judgment
alleged claims for breach of contract and
defamation, and did not contain a jury de-
mand. Defendant Transamerica Occidental
Life Insurance Company timely filed a
Grounds of Defense on July 20, 1995. On
July 28, 1995, Defendant filed a Notice of
Removal on diversity grounds pursuant to 28
U.S.C. §§ 1441 and 1446. An Initial Pretrial
Conference was held in this court on Septem-
ber 5, 1995, during which the parties agreed
that a trial by jury had not been demanded.
This conference, and the parties' stipulation
to a non-jury trial, are memorialized in the
court's Order on Initial Pretrial Conference
filed September 5, 1995.

On September 21, 1995, Plaintiffs wrote
the court requesting a jury trial for the first
time. Defendant, having received a copy of
Plaintiffs' letter, replied in opposition to
Plaintiffs' request and offered authority for
denial of the request. On September 25,
1995, the court advised Plaintiffs that their
letter was insufficient to raise the issue and
directed them to file an appropriate motion.

Plaintiffs then filed this Motion on October 13, 1995. All parties have fully briefed the issue and it is now ripe for determination.

## B. Analysis

The parties agree that Plaintiffs' original Motion for Judgment did not contain a demand for a jury trial as required by Virginia law. Va.Code Ann. § 8.01–336(B); see Keatley v. Food Lion Inc., 715 F.Supp. 1335, 1338 (E.D.Va.1989). As a result, pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, the burden was on Plaintiffs to make a timely demand for a jury trial within thirteen days of service of the Notice of Removal.[1] Again, the parties agree that Plaintiffs failed to make such a demand.

The issue was raised again at the Initial Pretrial Conference, and again the parties agreed that the matter would be tried by the court. See Order on Initial Pretrial Conference, Sept. 5, 1995, at 2. Accordingly, there is no dispute that Plaintiffs waived their right to demand a jury trial. See Fed. R.Civ.P. Rule 81(c) ("The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.").

■ Plaintiffs urge the court to exercise its discretion under Rule 39(b) to grant a jury trial notwithstanding their earlier waivers. Resolution of a Rule 39(b) motion is "committed to the discretion of the trial court." Malbon v. Pennsylvania Millers Mut. Ins. Co., 636 F.2d 936, 940 (4th Cir. 1980). This court grants such motions infrequently, and ordinarily only when the moving party presents some exceptional circumstance, beyond mere inadvertence, to justify the original waiver. Keatley 715 F.Supp. at 1338; see McCray v. Burrell, 516 F.2d 357, 371 (4th Cir.1975) (affirming denial of Rule 39(b) motion in the absence of "exceptional circumstances").

Plaintiffs contend that a recent decision in the Richmond Division of this court, Vannoy v. Cooper, 872 F.Supp. 1485 (E.D.Va.1995) (Payne, J.), has somehow liberated the court from the "handcuff[s]" of its prior rulings, by pointing out that Rule 39(b) decisions are to be resolved on a case-by-case basis using the full range of the court's discretion. Certainly, each case is to be considered on its own facts and circumstances, with broad discretion vested in the district court to either grant or deny motions under Rule 39(b).

In Vannoy, Judge Payne affirmed this broad discretion of the district court on Rule 39(b) motions, while denying the motion at issue. After reviewing authority from the Fourth Circuit and the Eastern District of Virginia, the court crafted a five-factor analysis to assist in exercising its discretion on Rule 39(b) motions. Vannoy, 872 F.Supp. at 1489–90. The five-factor analysis considers: (1) the justifiability of the delay; (2) the appropriateness of the issues for trial by jury; (3) the prejudice to the opposing party; (4) the timeliness of the motion; and (5) the effect of granting the motion on the orderly administration of justice. Id. Of these, the last four are the factors mentioned in dicta by the Fourth Circuit in Malbon, 636 F.2d at 940 n. 11. Indeed, Judge Payne's five-factor analysis may assist this court, particularly where the question of whether to grant relief is a close one. Here, however, it is not.

■ Of the five factors enumerated in Vannoy, the court finds the first and last of them dispositive of this motion. First, in this case there is no justification for Plaintiffs' delay in making the jury demand, beyond mere inadvertence or "change of mind." This court has repeatedly refused to exercise its discretion to grant relief under Rule 39(b) when the only explanation offered for the waiver is inadvertence, much less "change of mind." Keatley, 715 F.Supp. at 1336 n. 1, 1338; see Malbon, 636 F.2d at 936 (affirming Judge Kellam's denial of untimely jury demand); Vannoy, 872 F.Supp. at 1489 (recognizing the Norfolk Division's "unwillingness to exercise discretion absent a compelling reason to do so.").

Here, Plaintiffs argue that the removal of the case to federal court forced them to advance their decision regarding a jury trial, because of the common practice in state

---

1. Rule 81(c) requires a jury demand to be made within 10 days of service of the Notice of Removal. However, because service in this case was by mail, Plaintiffs had an additional three days within which to request a jury trial. See Fed.R.Civ.P. 6(e).

court to permit jury demands at docket call when the case is brought on for trial. Were this a sufficient justification for Rule 39(b) relief, it would render both Virginia law and the Federal Rules subordinate to the local custom of every circuit court in the state. Moreover, this court has already specifically considered and rejected this argument. *Keatley,* 715 F.Supp. at 1337–38.

Next, Plaintiffs offer, "by way of explanation, not excuse," that "counsel at the pretrial conference was new to the firm, . . . and was thus unaware of plaintiffs' preference for a jury trial." Pl.Mem.Supp.Mot. for Jury Trial at 2. Although the court finds counsel's candor admirable, the lack of adequate preparation is no justification for granting a jury trial, *twice waived.*

The final factor of the *Vannoy* analysis considers the effect of granting the motion on the orderly administration of justice. *Vannoy,* 872 F.Supp. at 1490. This requires not only a consideration of the difficulty of arranging for trial in the case at bar, but also a consideration of the effect of routinely granting such motions on the overall effectiveness of the court's docketing system.

As the cases cited in *Keatley* make clear, motions of this sort are not unusual. *Keatley,* 715 F.Supp. at 1336 n. 1 (citing eight opinions from the Norfolk Division denying untimely jury requests). In view of the regularity with which counsel seek to invoke the court's discretion to relieve them of the strictures of Rule 81(c), the better rule is that motions under Rule 39(b) should be denied, absent some justification beyond inadvertence or "change of mind," in order to avoid both the individual and cumulative effect of such motions on the court's docket. This court's docket moves swiftly and is planned months in advance according to the number of jury and non-jury trials at any given time. To allow parties to change their minds after affirmatively representing to the court a request for a non-jury trial would render the docket unmanageable.

Plaintiffs argue that consideration of the remaining three factors from *Vannoy* favor granting the request. Specifically, they contend that the issues presented by the case are more suited for determination by a jury than the court; that Defendant is not prejudiced by the late request; and that the motion is early in the litigation process, as the discovery cutoff is still two months away. Pl.Reply at 2–4. Defendant, however, claims that the case involves complex questions of law which are appropriately tried to the court. Def.Memo.Opp.Mot. for Jury Trial at 7–9. In addition, Defendant's vigorous opposition to the motion indicates it would surely challenge Plaintiffs' allegations regarding lack of prejudice and timeliness, which were raised for the first time in their reply. To the extent that these remaining three factors may weigh slightly in favor of Plaintiffs, they are heavily outweighed by the lack of justifiability for the delayed request and the effect on the orderly administration of this court's docket. Accordingly, the court exercises its discretion to DENY Plaintiffs' Motion for a Jury Trial under Rule 39(b).

The Clerk is DIRECTED to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is so ORDERED.