42 F.3d 1386
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ROYAL BANK EXPORT FINANCE COMPANY, LIMITED, Plaintiff-Appellant,
v.
John D. SHELLER; Lou Elin Sheller; On Premise Laundry
Service, Incorporated; Greenbough, Incorporated; J. Marion
Adkins; Commercial Laundry Distributors, Incorporated; J.
Andrew Phillips, Defendants-Appellees.
 No. 93-1544.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 3, 1994.
Decided Dec. 12, 1994.
 
 Jan Schneider, Washington, DC, for Appellant.
 David Brian Douse, WEBB, BURNETT, JACKSON, CORNBROOKS, WILBER, VORHIS & DOUSE, Salisbury, MD, for Appellees Phillips, Greenbough, Adkins, and Commercial Laundry; Alan M. Grochal, TYDINGS & ROSENBERG, Baltimore, MD, for Appellees Sheller.
 Before RUSSELL, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Royal Bank Export Finance Company, Ltd. (Royal Bank) appeals the decisions of the district court granting summary judgment in favor of On Premise Laundry Service, Inc. (OPL), John D. and Lou Elin Sheller (the Shellers), Greenbough, Inc. (Greenbough) and its president, J. Andrew Phillips, and Commercial Laundry Distributors, Inc. (CLD) and its president, J. Marion Adkins, (collectively "Appellees") on its claims that Appellees violated Maryland's bulk transfer act, Md. Com. Law I Code Ann. Secs. 6-101 to -111 (Michie 1992 & Supp.1994), and committed common-law fraud and civil conspiracy. Royal Bank contends that the existence of genuine issues of material fact made the grant of summary judgment improper. Finding no error, we affirm.
 
 I.
 
 2
 In 1988, Royal Bank brought a breach of contract action against OPL and the Shellers.[1] While this litigation was pending, the Shellers and OPL conducted negotiations regarding the sale of the majority of OPL's assets to Phillips and CLD. During the course of these negotiations, counsel for OPL, J. Edward Martin, sent a letter to counsel for Phillips and CLD, expressing concerns about the applicability of Maryland's bulk transfer act. Martin suggested restructuring the transactions so that very little money changed hands, with the result that no significant funds would be held in escrow if Royal Bank challenged the transfers under the act. The following transactions ultimately took place:
 
 
 3
 (1) The OPL/CLD transaction: As evidenced by a bill of sale dated August 1, 1989,[2] OPL sold the assets related to the sales portion of its business by transferring to CLD a customer list and its distribution rights in new equipment. CLD paid $1,000 to OPL and agreed to employ John Sheller. Although not mentioned in the bill of sale, CLD also assumed $31,000 of debt owed by OPL to Phillips. CLD also purchased parts and equipment related to the sales portion of OPL's operation for $28,000.
 
 
 4
 (2) The OPL/Phillips transaction: As evidenced by a letter agreement dated September 12, 1989, OPL sold assets related to the service and repair portion of its business to Phillips, who purchased a van, other parts and equipment, and another customer list. In return, Phillips reduced by $45,000 the outstanding balance of a loan OPL owed to him.
 
 
 5
 Both agreements contained specific language relating to the assumed inapplicability of the bulk transfer act.
 
 
 6
 John Sheller was deposed on August 2, 1989 in connection with Royal Bank's litigation, but made no mention of any planned transfer of assets to CLD or Phillips. In May and June 1990, Royal Bank inquired as to OPL's financial status. Martin responded in two letters dated May 30 and June 7, 1990, setting forth the substance of the OPL/CLD and OPL/Phillips transactions. These letters informed Royal Bank that OPL had transferred its assets, that CLD had assumed OPL's debt, and that OPL's debt to Phillips had been reduced. The May 30 letter included copies of the bill of sale and the letter agreement.
 
 
 7
 Royal Bank prevailed in its action against OPL and the Shellers and obtained a judgment on February 14, 1991. In attempting to determine how to collect its judgment, Royal Bank again deposed John Sheller on November 18, 1991. During this deposition, Sheller produced the August 11, 1989 letter in which Martin proposed restructuring the transactions.
 
 
 8
 Ultimately, Royal Bank determined that it would be unable to collect its judgment against OPL because that corporation had no assets as a result of the OPL/CLD and OPL/Phillips transactions. Thereafter, on March 3, 1992, Royal Bank brought this action against OPL, the Shellers, Greenbough, Phillips, CLD, and Adkins challenging the legality of the transactions. The complaint alleged violations of the bulk transfer act, common-law fraud, and civil conspiracy. In separate memorandum opinions, the district court granted summary judgment to Appellees on the grounds that the bulk transfer act claim was timebarred, that Royal Bank had not presented evidence sufficient to create a genuine issue of material fact concerning whether Appellees had committed fraud, and that the civil conspiracy claim failed because neither the bulk transfer act claim nor the fraud claim that formed the basis of the alleged civil conspiracy was actionable when Royal Bank brought the civil conspiracy claim. This appeal followed.
 
 II.
 
 9
 Summary judgment is proper if, viewed in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ. P. 56(c); see Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.1985). The nonmoving party is entitled to the most favorable inferences that may reasonably be drawn from the forecast evidence, Ross, 759 F.2d at 364, but it "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another," Beale v. Hardy, 769 F.2d 213, 214 (4th Cir.1985). The essence of the inquiry the court must make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). We review de novo the decision of the district court to grant summary judgment. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988).
 
 A.
 
 10
 Maryland's bulk transfer act is intended to protect creditors from debtors who fraudulently convey the assets of a business for less than their actual value. See Md. Com. Law I Code Ann. Sec. 6-101 official comment. The act applies, in pertinent part, to transfers not in the ordinary course of business of a substantial portion of a business' inventory, or a substantial portion of its equipment in connection with a bulk transfer of inventory. Id. Sec. 6-102. The transferee is required, inter alia, to provide notice of the sale to the transferor's creditors at least ten days before taking possession of the assets or paying for them, whichever is earlier. Id. Sec. 6-105. Actions under the bulk transfer act must be brought within six months of the transfer unless the transfer has been concealed. Id. Sec. 6-111. If a transfer has been concealed, an action must be brought within six months of its discovery. Id. Royal Bank claims that the true nature of the OPL/CLD and OPL/Phillips transactions was concealed until November 18, 1991, when John Sheller produced Martin's letter proposing that the transactions be restructured. Therefore, Royal Bank argues, the complaint was timely filed on March 3, 1992.
 
 
 11
 We agree with the district court that Royal Bank's evidence of concealment is insufficient to raise a genuine issue of material fact on this issue. It is undisputed that by June of 1990 Royal Bank had copies of the bill of sale and the letter agreement and was thus informed that OPL had transferred the majority of its assets. The only evidence to which Royal Bank points to create a genuine issue of material fact on concealment after this date is that it received Martin's letter on November 18, 1991. This letter adds nothing of substance to the information in Royal Bank's possession. Accordingly, Royal Bank has not presented evidence sufficient to create a genuine issue of material fact with respect to concealment. Because Royal Bank's claim was filed more than six months after it discovered the transac tions, it is untimely, and the district court properly granted summary judgment against Royal Bank on this claim.
 
 B.
 
 12
 We also agree with the district court that Royal Bank failed to produce evidence sufficient to create a genuine issue of material fact with respect to its fraud claim. In Maryland, the elements of common-law fraud are:
 
 
 13
 (1) that a representation made by a party was false; (2) that either its falsity was known to that party or the misrepresentation was made with such reckless indifference to truth [as] to impute knowledge to him; (3) that the misrepresentation was made for the purpose of defrauding some other person; (4) that that person not only relied upon the misrepresentation but had the right to rely upon it with full belief of its truth, and that he would not have done the thing from which damage resulted if it had not been made; and (5) that that person suffered damage directly resulting from the misrepresentation.
 
 
 14
 B.N. v. K.K., 538 A.2d 1175, 1182 (Md.1988). The district court correctly ruled that there was no evidence that Greenbough, Phillips, CLD, or Adkins had made any representations intended to mislead Royal Bank. Moreover, there was no evidence that the representations made by Martin on behalf of OPL and the Shellers were false or misleading.
 
 C.
 
 15
 Maryland law defines a civil conspiracy in pertinent part as " 'a combination of two or more persons by an agreement or understanding to accomplish an unlawful act.' " Martin v. Pepsi-Cola Bottling Co., 639 F.Supp. 931, 936 (D. Md.1986) (quoting Green v. Washington Suburban Sanitary Comm'n, 269 A.2d 815, 824 (Md.1970)). In addition, the acts alleged in furtherance of the conspiracy must be actionable when the conspiracy claim is brought. McKelvey v. Marriott Corp., 488 F.Supp. 345, 346 (D. Md.1980). Royal Bank alleges that Appellees conspired to violate the bulk transfer act and to commit fraud. However, the civil conspiracy claim is barred because neither the bulk transfer act claim nor the fraud claim was actionable when Royal Bank brought the civil conspiracy claim. Therefore, the district court properly granted summary judgment to Appellees.
 
 III.
 
 16
 We conclude that Royal Bank has failed to present a genuine issue of material fact and that Appellees are entitled to judgment as a matter of law. Accordingly, we affirm the grant of summary judgment by the district court.
 
 AFFIRMED
 
 
 [1]
 OPL, a now-defunct Maryland corporation owned and operated by the Shellers, sold and serviced laundry machines and related equipment to commercial users such as hotels
 
 
 [2]
 Martin's letter regarding the bulk transfer act was dated August 11, 1989, after which time the OPL/CLD transaction was restructured. Therefore, the date on the bill of sale appears to be incorrect