# Staunton.

## BLEVINS v. LOVELACE'S EXECUTOR ET AL.

September 17, 1925.

Absent, Prentis, P., and Campbell, J.

1. RES JUDICATA—*Trial of the Issue of Res Judicata—Necessity of Jury— Section 6012 of the Code of 1919.*—In the instant case it was assigned as error that the court decided the issue on a plea of res judicata without the intervention of a jury. It was unnecessary, however, for the Supreme Court of Appeals to pass upon the question of the necessity of a jury trial upon a plea of *res judicata* as the record in the instant case failed to disclose any demand for a jury, and, therefore, under section 6012 of the Code of 1919, the whole matter of law and fact might be heard and determined by the court.

2. RES JUDICATA—*When Former Suit a Bar to a Later Action—Case at Bar.*—In the instant case the parties to the present action and to a former chancery suit are the same, the subject of the litigation is the same, and the evidence to support the instant action would be the same as that used in the chancery suit. Under these circumstances, the final decree in the chancery suit is a bar to the instant action.

3. RES JUDICATA—*When Former Suit a Bar to a Later Action—Suit in Chancery for a Legacy—Action at Law on a Promise to Bequeath Money—Case at Bar.*—Plaintiff in the instant case, an action against an executor to recover upon a parol contract made by his testator with the plaintiff to bequeath her a sum of money, had, in a former suit in equity against the executor for a legacy, claimed that the legacy was for a valuable consideration; that it constituted a preferred debt against the estate or that at any rate plaintiff was entitled to share ratably with the other debts. The consideration for the legacy was set forth in the bill in the former suit and supported by depositions.

   *Held:* That the former suit in equity was in effect a suit to recover the debt asserted in the instant action and was therefore barred by the final decree in that suit.

4. RES JUDICATA—*When Former Suit a Bar to Later Suit—What Matters Concluded by Judgment in Former Suit.*—Where a second action or suit is brought on the same claim or demand as the first, the judgment or decree in the first action or suit, if rendered on the merits, is a bar to the second action or suit, and concludes the parties thereto and.

their privies not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

Error to a judgment of the Circuit Court of Smyth county in an action of *assumpsit.* Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*L. P. Collins* and *Jno. P. Buchanan,* for the plaintiff in error.

*Geo. F. Cook,* for the defendants in error.

Burks, J., delivered the opinion of the court.

This is an action by Rachel Powers Blevins against the executor of J. M. Lovelace and another to recover on a parol contract made by Lovelace with the plaintiff to bequeath to her the sum of $1,000.00 for services rendered by her to the testator in his lifetime. The executor pleaded conditions performed and *res judicata* and the trial court rendered judgment for the defendant.

The testator, by the first clause of his will, directed his executor to sell certain designated real estate and to collect his choses in action and from the proceeds "besides paying all of my just and provable debts—to pay my funeral expenses and to erect suitable monuments at the graves of my wife and myself." By clauses 2 and 3 he devises and bequeathes certain real and personal property to his great granddaughter, Mary Virginia Riddick. Clause 4 is as follows: "I

give and bequeath unto Rachel Powers (the plaintiff, now Rachel Powers Blevins), one thousand dollars to be paid out of the funds derived from the sale of my property described in clause 1 of my will."

By clause 5 he gave the residue of his estate to his great granddaughter.

The fund created by clause 1 of the will was not sufficient to pay the debts of the testator by $2,500.00 to $3,000.00.

The plaintiff had been in the service of the testator for ten years or more at from $8.00 to $10.00 per month, and about two years before his death she was about to quit his service to accept service in West Virginia at $40.00 per month, when the testator persuaded her to remain with him for his life at $10.00 per month, and promised to give her by his will $1,000.00. Her services were very valuable to the testator, and the contract was distinctly proved by disinterested testimony. In fact, it was not denied.

The testator died in June, 1922. In 1923 the plaintiff filed her bill against the executor and Mary Virginia Riddick and others, in which she exhibits the will of the testator, and charges that the executor has reduced to cash the property mentioned in clause one of the will and that he claims that the funds are insufficient to pay the debts of the testator; that these are to be paid before anything can be paid on her legacy, and that there will be nothing left to pay said legacy or any part thereof. Then follow clauses 7, 8 and 9 of the bill which are as follows:

(7) "That oratrix is very much injured by the construction that the said executor is giving to the said will and she avers and alleges that the said construction is incorrect, that the said section No. 4 of said will grants to her a 'demonstrative legacy' and that the

same has a preference over the debts mentioned in section (1) of said will and should be paid before anything is paid on the other 'provable debts;' or, at least, that her legacy should come in and share ratably with any other just and provable debts that might be found answering to the description as given in section (1) of said will.

(8) "That oratrix also avers and alleges that the bequest in favor of Mary Virginia Riddick, great granddaughter of the testator, as mentioned in section (5) of said will, is a general legacy and is postponed to the demonstrative legacy that is given to her under section (4); that said legacy to her is neither a specific legacy nor a general legacy, that is subject to ademption or abatement under the law, but such construction should be given to said will as to, if possible, pay the whole of her legacy with interest after the date of one year from the death of the testator.

(9) "Oratrix further alleges that really this legacy to her was in payment of a debt for services that she rendered to the said testator before his death and final illness and during his final illness and to his estate after his death, and to take the same from her would be height of injustice and unfair dealing; that she had performed extraordinary hard labor, given great care and strict attention to the welfare of the testator during the latter years of his life and last illness and at the time of his death, and also to his estate after his death, and she feels that she should be compensated for the same as evidently was the intention of the testator to do when he dictated the said will."

The prayer of the bill is:

"That your honor will construe the different clauses of the said will and all the clauses taken together and grant unto her the payment out of the funds of the

said testator's estate the said legacy so bequeathed to
her in full, or at least her *pro rata* part thereof, along
with the other provable debts of the estate as men-
tioned in clause (1) of said will; that your honor will
grant unto her all such other, further general and
special relief as to equity belongs and the nature of
this case requires."

The plea of *res judicata* embodies the whole record
in this chancery suit, including the testimony of the
witnesses and the final decree.    The material part of
the final decree is as follows:

"On consideration whereof the court, being of the
opinion that the complainant is not entitled to the
relief prayed for in her bill, doth adjudge, order and
decree that the provision of one thousand dollars pro-
vided for Rachel P. Blevins, in the will of the said
J. M. Lovelace, is a legacy subject to the indebtedness
of the said J. M. Lovelace and is not to be paid out of
the funds provided for in clause 1 of said will until all
of the proved debts against the said estate have been
paid, and this cause is ordered to be stricken from the
docket."

The depositions give in detail the facts with refer-
ence to the services rendered by the plaintiff to the
testator, the offers from West Virginia and the promise
by the testator to give the legacy of $1,000.00.    In fact
all of the evidence that would be necessary to enable
the plaintiff to maintain her present action.

[1] It is assigned as error that the court decided the
issue on the plea of *res judicata*, without the inter-
vention of a jury.    Authorities are cited pro and con
on the subject, but it is unnecessary for us to pass on
the question as the record does not disclose any de-
mand for a jury, and the statute provides that "in any
case, unless one of the parties demand that the case be

tried by a jury, the whole matter of law and fact may be heard and determined, and judgment given by the court." Code section 6012.

[2] It is also assigned as error that the court decided the issue made by the plea of *res judicata* in favor of the defendants.

The parties to the present action and to the chancery suit are the same, the subject of the litigation is the same, and the evidence to support the instant action would be the same as that used in the chancery suit. Under these circumstances, the final decree in the chancery suit is a bar to the instant action.

[3] The lengthy extracts from the bill, hereinbefore set out, show that although the complainant in the chancery suit was then suing for a legacy, it was claimed that the legacy was for a valuable consideration; that it constituted a preferred debt against the estate of the testator "and should be paid before anything is paid on the other provable debts, or at any rate that her said legacy should come in and share ratably with any other just and provable debts." The consideration for the legacy is also set forth in the bill, and is fully supported by the depositions taken in the case. That was in effect a suit to recover the debt asserted in the instant action. The subject matter of the two suits is the same.

[4] Where a second action or suit is brought on the same claim or demand as the first, the judgment or decree in the first action or suit, if rendered on the merits, is a bar to the second action or suit, and concludes the parties thereto and their privies not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. *Cromwell* v. *County of Sac*, 94 U. S.

351, 24 L. Ed. 195; *Ivey* v. *Lewis,* 133 Va. 145, 112 S. E. 712; *Brunner* v. *Cook,* 134 Va. 266, 114 S. E. 650.

There is no error in the judgment of the trial court and it is affirmed.

*Affirmed.*