BURRELL ET AL. *v.* McCRAY ET AL.

No. 75–44.   Argued April 27, 1976—Decided June 14, 1976

*Francis B. Burch,* Attorney General of Maryland, argued the cause for petitioners.   With him on the briefs were *Henry R. Lord,* Deputy Attorney General, and *Clarence W. Sharp, Donald R. Stutman,* and *Glenn E. Bushel,* Assistant Attorneys General.

*Charles F. Morgan* argued the cause for respondents. With him on the brief were *Barbara M. Milstein, Michael Millemann,* and *C. Christopher Brown.**

PER CURIAM.

The writ of certiorari is dismissed as improvidently granted.

MR. JUSTICE WHITE dissents.   He would affirm the judgment of the Court of Appeals.

MR. JUSTICE STEVENS, concurring.

Had I been a Member of the Court when the petition for certiorari was presented, I would have voted to deny because the opinion of the United States Court of Ap-

---

*A brief of *amici curiae* urging reversal was filed for their respective States by *Jim Guy Tucker,* Attorney General of Arkansas, and *Robert A. Newcomb,* Assistant Attorney General; *Evelle J. Younger,* Attorney General of California, *Jack R. Winkler,* Chief Assistant Attorney General, *Edward P. O'Brien,* Assistant Attorney General, and *John T. Murphy,* Deputy Attorney General; *Carl R. Ajello,* Attorney General of Connecticut, and *Stephen J. O'Neill,* Assistant Attorney General; *Arthur K. Bolton,* Attorney General of Georgia, and *G. Thomas Davis,* Assistant Attorney General;

peals for the Fourth Circuit correctly states the applicable law. For the same reason, I voted to affirm after oral argument. Although I did not vote to dismiss the writ as improvidently granted, I do not dissent from that action for two reasons.

First, it is my understanding that at least one Member of the Court who voted to grant certiorari has now voted to dismiss the writ; accordingly, the action of the Court does not impair the integrity of the Rule of Four.

Second, just as the Court's broad control of its discretionary docket includes the power to dismiss the writ because circumstances disclosed by a careful study of the record were not fully apprehended at the time the writ was granted, *The Monrosa* v. *Carbon Black, Inc.*, 359 U. S. 180, 183, so also, we should retain the power to take like action when our further study of the law discloses that there is no need for an opinion of this Court on the questions presented by the petition. Even though I agree with MR. JUSTICE BRENNAN that the questions in

*John C. Danforth,* Attorney General of Missouri, and *William F. Arnet,* Assistant Attorney General; *Paul L. Douglas,* Attorney General of Nebraska, and *Harold Mosher,* Assistant Attorney General; *William F. Hyland,* Attorney General of New Jersey, and *Joseph T. Maloney,* Deputy Attorney General; *Toney Anaya,* Attorney General of New Mexico, and *Michael Francke* and *Robert William Piatt, Jr.,* Assistant Attorneys General; *Rufus L. Edmisten,* Attorney General of North Carolina, and *Andrew A. Vanore, Jr.,* Senior Deputy Attorney General; *Larry Derryberry,* Attorney General of Oklahoma, and *Amy Hodgins,* Assistant Attorney General; *Robert P. Kane,* Attorney General of Pennsylvania, and *J. Andrew Smyser,* Deputy Attorney General; *Daniel R. McLeon,* Attorney General of South Carolina, and *Emmet H. Clair,* Assistant Attorney General; and *John L. Hill,* Attorney General of Texas, and *Bert W. Pluymen,* Assistant Attorney General.

Briefs of *amici curiae* urging affirmance were filed by *Alvin Bronstein, Robert Plotkin, Burt Neuborne,* and *Melvin L. Wulf* for the American Civil Liberties Union et al.; and by *Daniel L. Skoler* for the Center for Correctional Justice.

this case are important, I am nevertheless persuaded that the state of the law applicable to the facts disclosed by this record is sufficiently clear that the dismissal of the writ is a permissible exercise of the Court's discretionary power.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, dissenting.

Certiorari was granted in this case, 423 U. S. 923, to consider the questions:

"1. Whether the United States Court of Appeals for the Fourth Circuit erred when it held that exhaustion of state administrative remedies was not required in an action brought pursuant to 42 U. S. C. § 1983.

"2. Whether the United States Court of Appeals for the Fourth Circuit erred when it reversed the judgments of the District Court in *McCray* v. *Burrell*, #74–1042, and *McCray* v. *Smith*, #74–1043, based on a finding that Respondent McCray's Eighth and Fourteenth Amendment rights were violated under the circumstances of those cases and remanded for determinations on the merits." Pet. for Cert. 2–3.

Following the grant of the writ of certiorari, the parties fully briefed and orally argued these questions. The result of their efforts is today's one-line order dismissing the writ of certiorari as improvidently granted. That order plainly flouts the settled principles that govern this Court's exercise of its unquestioned power to dismiss writs of certiorari as improvidently granted.

We have held that such dismissals are proper only when the more intensive consideration of the issues and the record in the case that attends full briefing and oral argument reveals that conditions originally thought to

justify granting the writ of certiorari are not in fact present. "[C]ircumstances . . . 'not . . . fully apprehended at the time certiorari was granted,' " *The Monrosa* v. *Carbon Black Export, Inc.,* 359 U. S. 180, 183 (1959), may reveal that an important issue is not in fact presented by the record, or not presented with sufficient clarity in the record, or compel the conclusion that "the standards governing the exercise of our discretionary power of review upon writ of certiorari [such as] . . . 'special and important reasons' for granting the writ . . . , as required by Supreme Court Rule 19," are not met. *Rice* v. *Sioux City Cemetery,* 349 U. S. 70, 73 (1955). See R. Stern & E. Gressman, Supreme Court Practice 227–230 (4th ed., 1969). No such circumstances have been revealed upon plenary consideration of the legal claims and record in this case; certainly the parties have neither argued nor suggested any. Nor does the Court so explain its action; rather, recognizing the impossibility of any such attempt, it simply orders the writ dismissed. I can only conclude that in today's action— an action which renders our discretionary jurisdiction an essentially arbitrary jurisdiction—the Court is not pursuing our "duty to avoid decision of constitutional issues" only where reason and principle justify doing so; rather, this is plainly an instance where "avoidance becomes evasion." *Rice* v. *Sioux City Cemetery, supra,* at 74.

Further, a Justice who originally voted to deny the petition for writ of certiorari is, of course, privileged to participate in a dismissal as improvidently granted that is justified under the *Monrosa* standard. See *Ferguson* v. *Moore-McCormack Lines,* 352 U. S. 521, 559 (1957) (Harlan, J., concurring and dissenting); *United States* v. *Shannon,* 342 U. S. 288, 294 (1952). But I hold the view that impermissible violence is done the Rule of Four when a Justice who voted to deny the petition for certiorari participates after oral argument in a dismissal

that, as here, is not justified under the governing standard, but which rather reflects only the factors that motivated the original vote to deny. *Ferguson* v. *Moore-McCormack Lines, supra,* at 559–562 (Harlan, J., concurring and dissenting). In this circumstance, I share the view stated by Mr. Justice Douglas, dissenting in *United States* v. *Shannon, supra,* at 298:

> "A Justice who has voted to deny the writ of certiorari is in no position after argument to vote to dismiss the writ as improvidently granted. Only those who have voted to grant the writ have that privilege. The reason strikes deep. If after the writ is granted or after argument, those who voted to deny certiorari vote to dismiss the writ as improvidently granted, the integrity of our certiorari jurisdiction is impaired. By long practice—announced to the Congress and well-known to this Bar—it takes four votes out of a Court of nine to grant a petition for certiorari. If four can grant and the opposing five dismiss, then the four cannot get a decision of the case on the merits. The integrity of the four-vote rule on certiorari would then be impaired."

I would reach the merits and affirm the judgment of the Court of Appeals.