**Mildred L. KEATLEY, Plaintiff,**

v.

**FOOD LION, INC., Defendant.**

**Civ. A. No. 89–153–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 12, 1989.

---

Joseph P. Massey, Cooper & Davis, P.C., Portsmouth, Va., for plaintiff.

Robert W. McFarland, McGuire, Woods, Battle & Boothe, Norfolk, Va., for defendant.

Before CLARKE and DOUMAR, District Judges.

## ORDER DENYING JURY TRIAL

This matter is before the Court on the plaintiff's demand for trial by jury. The defendant objects to the plaintiff's demand on the ground that it is not timely. The Court finds that the jury demand is not timely under the Federal Rules of Civil Procedure (FRCP). The Court further finds that there is not good cause to exercise its discretion to order trial by jury. Accordingly, the plaintiff's jury demand is DENIED.

The plaintiff commenced this personal injury action on or about January 20, 1989, by filing a motion for judgment (complaint) in the Circuit Court for the City of Portsmouth, Virginia. The motion for judgment did not contain a jury demand. The defendant filed its grounds of defense (answer) on or about February 16, 1989.

On February 27, 1989, the defendant filed and served a notice of removal of the action to this Court on grounds of diversity of citizenship. At the March 20, 1989 initial pretrial conference in this Court, the plaintiff presented a demand for trial by jury. The defendant objected, contending that the demand was untimely under the FRCP. The parties were directed to brief the issue and they have done so. The matter is ripe for resolution.[1]

---

1. The facts of this case are familiar ones in this Court. The list of cases in which plaintiffs' counsel unsuccessfully attempted to demand trial by jury at the initial pretrial conference in this Court following removal from Virginia circuit courts include: *Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936 (4th Cir.1980) (affirming Judge Kellam's denial of plaintiff's untimely jury demand); *Columbus v. United Parcel Service, Inc.*, No. 82–128–N, slip op. (E.D.Va. Apr. 12, 1982) (Doumar, J.); *Anthony v. Toyota Motor Co., Ltd.*, No. 82–394–N, slip op. (E.D.Va. July 26, 1982) (Doumar, J.); *Hensley v. Allied Chemical Corp.*, No. 86–746–N, slip op. (E.D.Va. Jan. 23, 1987) (MacKenzie, J.); *Marshall v. Hobart Corp.*, No. 87–547–N, slip op., 1987 WL 59419 (E.D.Va. Oct. 29, 1987) (MacKenzie, J.); *Messerschmidt v. North American Van Lines,*

Generally, a party's right to a jury trial in federal district court is waived unless that party serves a written jury demand on the opposing party not later than ten (10) days after the service of the defendant's answer. *See* Fed.R.Civ.P. 38. In actions removed from state courts to federal courts, however, FRCP 81(c) also governs a party's exercise of the right to a jury trial.

Rule 81(c) provides, in relevant part:

If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

Fed.R.Civ.P. 81(c).

■ The plaintiff's March 20 jury demand was untimely under either Rule 38(b) or Rule 81(c). The written demand was not served on the defendant within 10 days of the defendant's February 16th service of the answer (Rule 38(b)[2] or within 10 days of the defendant's February 27th service of the petition for removal (Rule 81(c)).

■ The plaintiff argues that she has not waived her right to a jury trial, however, because Rule 81(c) does not require her to serve a jury demand after removal unless directed to do so by the Court. This argument is based upon the plaintiff's assertion that, in the language of Rule 81(c), the "state law applicable in the court from which the case [was] removed does not require the parties to make express demands in order to claim trial by jury...." In support of her assertion, the plaintiff has submitted a letter from the Chief Judge of the Portsmouth Circuit Court which explains the local custom or practice of that court concerning civil jury trials. The Chief Judge writes:

[a]ll civil cases are assigned to be tried by a jury at docket call *unless* the plaintiff signifies its preference for a judge tried case or the parties, by agreement, advise the Court that trial by jury is waived.

Letter from Chief Judge L. Cleaves Manning to Doris R. Casey (Mar. 31, 1989) (emphasis added).

The Portsmouth Circuit Court's local civil jury trial custom or practice notwithstanding, the Court finds that Virginia law does require a party in civil litigation to make an express jury demand in order to *claim* trial by jury. Subsection 8.01–336(B) of the Virginia Code reads, in part:

*Waiver of jury trial.*—In any action at law in which the recovery sought is greater than $100, ... unless one of the parties demand that the case or any issue thereof be tried by a jury, ... the whole matter of law and fact *may* be heard and judgment given by the court.

Va.Code § 8.01–336(B) (1984) (emphasis added). The effect of this subsection is clear: unless a party to an action at law demands a jury trial, the right to a trial by jury is waived. *See Blevins v. Lovelace's Executor,* 142 Va. 493, 495, 129 S.E. 247, 248 (1925). Under Virginia law, a jury

*Inc.,* No. 88–2–N, slip op. (E.D.Va. July 2, 1988) (Kellam, J.); *Webb v. Taco Bell Corp.,* No. 88–709–N; 88–710–N, slip op. (E.D.Va. Jan.1989) (Kellam, J.). In each of these cases, the plaintiff's untimely jury demand was denied.

2. Because the defendant served its grounds of defense by mail, Rule 6(e) accorded the plaintiff an extra three (3) days to timely file her jury demand. Even with this extension, however, the plaintiff's demand was untimely under Rule 38(b).

demand must be made to preserve the *right* to a jury, to "claim trial by jury" in the language of FRCP 81(c).

Although pursuant to Virginia Code subsection 8.01–336(B) a civil litigant that fails to demand a jury waives its right to a trial by jury, nothing in that subsection compels a bench trial in Virginia circuit courts upon a party's waiver of trial by jury. Subsection 8.01–336(B) states that unless one of the parties demand a jury, the action *may* be heard by the court. It does not state that the action will or must be heard by the court. The subsection simply establishes waiver of the right to a jury trial; it does not address how, or even whether, the waiver will be enforced by the Circuit Courts of Virginia.

If the action had remained in the Portsmouth Circuit Court, then that Court may or may not have granted a jury trial under the state statute. The Portsmouth Circuit Court, just as this Court, as a matter of discretion may grant a jury trial in the absence of a demand. In practice, that Court exercises its discretion to grant jury trials in absence of a demand. This local custom, or practice, however, does not obviate the state statute's requirement of a demand for jury trial in order to be entitled to such as a matter of "right." Accordingly, the plaintiff cannot rely upon the savings clause in Rule 81(c) to preserve her "right" to a jury trial under the FRCP.

The plaintiff argues that *Segal v. American Casualty Company*, 250 F.Supp. 936 (D.Md.1966), supports her contention that the Portsmouth Circuit Court's local civil jury trial custom or practice constitutes the "state law" for purposes of her jury demand under Rule 81(c) and that therefore she is not required to make a jury demand unless directed to do so by this Court. *Segal,* however, is not quite that helpful to the plaintiff.

In *Segal,* the district court found that under a local rule of the Maryland circuit court from which the case had been removed, a civil litigant seeking a jury trial was required to request trial by jury at the preliminary docket call. 250 F.Supp. at 938. Finding that the local rule did not conflict with higher court rules, with any Maryland statute, or with the state constitution, the court concluded that the local rule requiring a jury demand was "state law" under FRCP 81(c). *Id.* at 939.

The relevant inquiry under Rule 81(c) is whether the state law—not the local custom and practice—applicable in the court from which the case was removed requires an express jury demand in order to claim trial by jury. In *Segal,* the jury demand requirement did derive from a local rule. In this case, the requirement derives from the Virginia Code. While the source of the jury demand requirement in this case differs from the source of the requirement in *Segal,* the analysis of this case parallels that decision. In both instances, the state law applicable in the courts from which the cases were removed require express jury demands in order to claim trial by jury. *Segal* does contain wording or dicta beneficial to the plaintiff, *id.* at 939–40 ("the necessity for a [jury] demand after removal is obviated only where the case automatically would have been set for jury trial in the court from which removed, without the necessity for any action on the part of the party desiring jury trial"). This Court declines to attach to this language the effect urged by the plaintiff where there is a state statute explicitly requiring a demand for a jury.

■ Lastly, FRCP 39(b) empowers the Court, in its discretion, to order a trial by jury notwithstanding the failure of a party to properly demand a jury. The plaintiff has advanced no reason why the Court should exercise its discretion and order a trial by jury. Unless some cause beyond mere inadvertence is shown, untimely requests for jury trials should be denied. *Galella v. Onassis,* 487 F.2d 986, 996 (2d Cir.1973).

The plaintiff's jury demand being untimely and there being no good cause to order trial by jury, a jury trial in this matter is hereby DENIED by both of the undersigned.

IT IS SO ORDERED.