45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 George WERTZ, Personal Representative and Administrator of
the Estate of Marie WERTZ, Plaintiff-Appellant,
Earl A. GRUBBS, M.D., Defendant-Appellee.
 No. 93-2355.
 United States Court of Appeals, Fourth Circuit.
 Jan. 5, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CA-91-811-2)
 ARGUED: Judith M. Cofield, SHUTTLEWORTH, RULOFF, GIORDANO & KAHLE, Virginia Beach, VA, for Appellant.
 Richard Joshua Cromwell, McGUIRE, WOODS, BATTLE & BOOTHE, Norfolk, VA, for Appellee.
 ON BRIEF: F. Bradford Stillman, McGUIRE, WOODS, BATTLE & BOOTHE, Norfolk, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 George Wertz sued Dr. Earl A. Grubbs, alleging medical malpractice and the wrongful death of Wertz's wife. The action was removed from the Circuit Court for the City of Portsmouth, Virginia, to the United States District Court for the Eastern District of Virginia where it was tried to the court without a jury. The district court found against Wertz and entered judgment in favor of Dr. Grubbs. On appeal Wertz says that the district court erred (1) by denying him a jury trial, (2) by applying the wrong standard of care and finding that Dr. Grubbs did not breach it, and (3) by admitting impermissible testimony from two doctors testifying as experts for Dr. Grubbs. We affirm for the reasons that follow.
 
 I.
 
 2
 The jury trial issue received considerable attention at oral argument, and we deal with that issue first, beginning with some procedural history.
 
 A.
 
 3
 Wertz, a Virginia citizen, commenced this action on October 14, 1991, by filing a motion for judgment (complaint) in the Circuit Court for the City of Portsmouth, Virginia. The motion for judgment did not contain a jury demand, and Wertz says that one was not required. Indeed, Wertz contends that under both Virginia law and local custom or practice in Portsmouth Circuit Court a jury could have been demanded up to the day of trial.
 
 
 4
 Dr. Grubbs was a Georgia citizen when this action was filed, and on November 26, 1991, he removed it (on diversity grounds) to the United States District Court for the Eastern District of Virginia. On the same day, Dr. Grubbs served his notice of removal and grounds of defense (answer) on Wertz by mail.
 
 
 5
 Wertz did not demand a jury trial in Portsmouth Circuit Court prior to removal. On January 16, 1992, at the initial pretrial conference in the district court, Wertz's counsel orally requested a jury trial. Dr. Grubbs' counsel objected on the ground that the request was untimely. The request and objection were noted in the Order On Initial Pretrial Conference, which was issued by a district judge. This order directed counsel to file briefs on the jury trial issue.
 
 
 6
 On January 21, 1992, five days after the initial pretrial conference, Wertz filed a written demand for a jury trial. The objection of Dr. Grubbs' counsel was noted at the bottom of this document, and the words "subject to defect" were handwritten under the filing stamp in the top right-hand corner.[1]
 
 
 7
 On February 10, 1992, Wertz submitted his "Brief In Support Of Plaintiff's Motion [sic] For A Jury Trial." No separate motion document was ever filed. In the brief Wertz pressed his oral request for a jury made at the January 16, 1992, pretrial conference and his written demand filed on January 21, 1992. At the very end of the brief, Wertz did say he "moves [the] Court to allow a jury trial." "Defendant's Brief In Opposition To Plaintiff's Demand For Jury Trial" was submitted on February 24, 1992 (emphasis added).
 
 
 8
 The jury trial issue was referred to a magistrate judge who held a hearing on March 9, 1992. A docket entry of that same date contains the following record of the hearing:
 
 
 9
 Minute entry: WTP, USMJ. Gloria Means, Ct. Reporter. Counsel present. Matter came on re plaintiff's motion for demand for jury. Argument. Court overrules motion.
 
 
 10
 The magistrate judge did not enter a written order, and we do not have a transcript of this hearing. Wertz did not file any objection to the magistrate judge's ruling denying a jury trial, nor did Wertz seek reconsideration or review of the ruling before the district judge.
 
 
 11
 The trial, initially set for July 1, 1992, was continued because a statute of limitations issue was certified to the Supreme Court of Virginia.
 
 
 12
 At argument before us Wertz's counsel said that she orally requested a jury trial at the final pretrial conference before the district judge on May 14, 1993. Dr. Grubbs' counsel agreed that there was a very brief discussion of the jury matter at the final pretrial conference. In any event, Wertz was not given a jury. The bench trial began on May 17, 1993, over eighteen months after removal.
 
 B.
 
 13
 Dr. Grubbs contends that we cannot reach the merits of Wertz's jury trial argument because the issue was not preserved for appeal. Dr. Grubbs says the issue is waived because Wertz did not seek reconsideration of the magistrate judge's ruling before the district judge as required by 28 U.S.C. Sec. 636. As we explain below, to the extent Wertz claims he made a timely jury demand as of right under Fed.R.Civ.P. 81(c), the issue has not been waived and we consider it. However, to the extent Wertz seeks to appeal the denial of discretionary relief from the consequences of waiving the right to a jury trial, the issue has not been preserved.
 
 1.
 
 14
 The thrust of Wertz's jury trial argument below and here is based on Fed.R.Civ.P. Rule 81(c). Wertz's argument is that because Rule 81(c) adopts Virginia law, he had a right to demand a jury in this case at any time up to trial. Wertz filed a written demand for a jury trial in the district court on January 21, 1992. We therefore conclude that the issue of whether a timely jury demand was made under Rule 81(c) has been preserved for appeal.
 
 Rule 81(c) provides in pertinent part:
 
 15
 If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury.
 
 
 16
 Fed.R.Civ.P. 81(c) (emphasis added).
 
 
 17
 Rule 81(c) refers to state law on jury demand requirements, and Section 8.01.-336(B) of the Code of Virginia Annotated (1992 Repl.Vol.) provides as follows:
 
 
 18
 Waiver of Jury Trial.--In any action at law in which the recovery sought is greater than $100, exclusive of interest, unless one of the parties demand that the case ... be tried by a jury ... the whole matter of law and fact may be heard and judgment given by the court.
 
 
 19
 Relying on Rule 81(c)'s reference to "state law" and pointing out that the Virginia Code does not impose a time limit for a jury demand, Wertz argues that his "request for a jury in this removed case should not be considered untimely." Appellant's Br. at 34-35. Wertz, however, misreads the exception clause in Rule 81(c). The exception clause is very narrow: it dispenses with the jury demand only when the case would have been set automatically (without demand) for jury trial under state law. Cascone v. Ortho Pharm. Corp., 702 F.2d 389, 391 (2d Cir.1983); Keatley v. Food Lion, Inc., 715 F.Supp. 1335, 1337-8 (E.D. Va.1989). The Virginia statute plainly requires a demand. Blevins v. Lovelace's Executor, 129 S.E. 247, 248 (Va.1925); accord Keatley, 715 F.Supp. at 1337-8. Accordingly, Rule 81(c)'s exception clause does not apply in this case.[2] Dr. Grubbs served his notice of removal and grounds of defense (answer) on Wertz by mail on November 26, 1991. Wertz had 13 days--10 days under Rule 81(c) plus 3 additional days under Rule 6(e) because of mail service--to serve a written demand for a jury trial. Wertz's written demand of January 21, 1992, was untimely, and he therefore waived a jury trial as of right.[3]
 
 2.
 
 20
 We turn now to whether Wertz preserved for appeal any argument that he was improperly denied discretionary relief from his failure to make a timely jury demand.
 
 
 21
 Dr. Grubbs correctly points out that Wertz never filed a Rule 39(b) motion. If such a motion is made, a district court may grant a jury trial "notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right...." Fed.R.Civ.P. 39(b).[4]
 
 
 22
 Notwithstanding Wertz's failure to invoke Rule 39(b) specifically, he did (in his brief which was referred to the magistrate judge) ask the court to "invoke its discretion, because no circumstances militate against a trial by jury." Brief in Support of Plaintiff's Motion for a Jury Trial at 4, Wertz v. Grubbs, No. 2:91CV811 (E.D. Va., submitted Feb. 10, 1992). In that brief Wertz discussed, with citation to cases, the factors courts consider "in determining whether to exercise the discretion to allow a jury trial notwithstanding unseasonable demand." Id. at 5-7. We will therefore assume that Wertz's brief below was an adequate application for discretionary relief under Fed.R.Civ.P. 39(b).[5]
 
 
 23
 After a hearing on March 9, 1992, the magistrate judge denied Wertz's "motion for demand for jury." Dr. Grubbs asserts that Wertz has not preserved any issue concerning denial of discretionary relief because Wertz failed to timely and properly ask the district judge to reconsider the magistrate's ruling. We agree.
 
 
 24
 Wertz's counsel acknowledged at oral argument that she did not ask the district judge to review or reconsider the magistrate judge's ruling. She did not do so, she said, because it would have been futile: according to her, the district judge would have summarily applied his own opinion in Keatley v. Food Lion, supra (Rule 81(c) requires a written jury demand 10 days after removal).[6] Wertz's counsel insists, however, that the jury issue is preserved for appeal because the magistrate judge's ruling remained in force throughout the case and became (in part) a basis for the judgment. This argument overlooks the law and rules governing the role of magistrate judges.
 
 
 25
 The jurisdiction and power of magistrate judges is governed by 28 U.S.C. Sec. 636. Under Sec. 636(b)(1)(A), non-dispositive pretrial matters, such as the jury trial issue here, may be referred to a magistrate judge for hearing and determination. A district judge may reconsider a magistrate judge's non-dispositive ruling "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Id. Rule 72(a) prescribes the timetable and steps for seeking review of a non-dispositive ruling by a magistrate judge: Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.[7]
 
 
 26
 Fed.R.Civ.P. 72(a).
 
 
 27
 One thing is clear from an analysis of Sec. 636(b), Rule 72(a) and the applicable case law: appellate review is forfeited when a party fails to seek timely review by a district judge of an adverse ruling by a magistrate judge. See, e.g., Gleason v. Secretary of Health and Human Services, 777 F.2d 1324 (8th Cir.1985) ("If ... the decision [of the magistrate judge] is issued pursuant to section 636(b), initial review rests with the district court."); Pagaro v. Frank, 983 F.2d 343, 346 & n. 3 (1st Cir.1993) (holding that whether motion denied by magistrate judge is viewed as non-dispositive or dispositive, a party "shall" file objections within 10 days or lose the right to appeal); United States v. Schronce, 727 F.2d 91 (4th Cir.1984) (holding that failure to object to magistrate judge's findings and recommendations on a suppression motion constitutes waiver of the right to appeal).
 
 
 28
 Because Wertz did not seek timely review of the magistrate judge's ruling before the district judge, Wertz has waived the right to appeal the denial of discretionary relief.[8]
 
 II.
 
 29
 At about 4:55 p.m. on January 18, 1989, Marie Wertz (appellant Wertz's now-deceased wife) went to the emergency room at the Portsmouth General Hospital after sweating and feeling dizzy all day. The registration clerk noted on the chart that Mrs. Wertz had "sweating spells and poss chest pains earlier today." A few minutes later Mrs. Wertz, in response to a nurse's questions, said she was not having chest pains and had not had any during the day. Mrs. Wertz also told the nurse that she had no history of chest pains. Finally, Mrs. Wertz told the nurse that she was just dizzy. Her vital signs were within normal range.
 
 
 30
 At 5:10 p.m. Dr. Grubbs began examining Mrs. Wertz. (Dr. Grubbs is an experienced physician, board certified in both emergency room and internal medicine.) Because of the symptoms noted by the registration clerk, Dr. Grubbs geared his examination and history taking toward ruling out a heart attack. Mrs. Wertz's answers to the doctor were consistent with those she gave the nurse. She complained only of hot flashes and dizziness. Her vital signs were still within normal range. Dr. Grubbs ordered an EKG and blood tests. After considering her history, his examination and the EKG results, and after observing her for over two hours, Dr. Grubbs diagnosed a probable viral infection. Dr. Grubbs determined that Mrs. Wertz had not had a heart attack that day and allowed her to go home. That same evening, pursuant to hospital practice, Mrs. Wertz's EKG was reviewed by a specialist in internal medicine, Dr. MacKinnon. Dr. MacKinnon's report noted a heart attack of undetermined age, but he ruled out an acute condition.
 
 
 31
 After she was discharged, Mrs. Wertz ran a few errands, then went home and collapsed. She died of a heart attack at 9:08 p.m. that same evening.
 
 
 32
 After a three-day bench trial on Wertz's malpractice and wrongful death claims against Dr. Grubbs for failing to hospitalize Mrs. Wertz, the district court issued a thorough written opinion and order containing findings of fact and conclusions of law. The district court concluded as follows:
 
 
 33
 that the plaintiff has failed to establish by the evidence that Dr. Grubbs was negligent or that he breached the standard of care required of him in this case. The Court finds from the evidence in this case that Dr. Grubbs exercised that degree of skill and diligence practiced by a reasonably prudent practitioner in the field of practice or specialty of an emergency room physician and internal medicine in the Commonwealth of Virginia in his diagnosis and treatment of Marie Wertz.
 
 
 34
 Judgment was entered against Wertz and in favor of Dr. Grubbs.
 
 A.
 
 35
 Wertz claims that the district court applied the wrong standard of care and erred in determining that Dr. Grubbs met the applicable standard. We have carefully considered the record, the briefs, the district court's opinion and order, and the oral arguments of counsel. Based on that review, we conclude that the district court applied the appropriate standard of care under Virginia law and did not err in finding that Dr. Grubbs met that standard.
 
 B.
 
 36
 Wertz finally argues that the district judge erred in admitting the testimony of two of the four doctors (in addition to Dr. Grubbs) who testified on Dr. Grubbs' behalf. Wertz argues that Dr. MacKinnon, a treating physician and fact witness, should not have been permitted to testify as an expert on the standard of care. Wertz also objects to the testimony of Dr. Augenstein, claiming that (among other things) it was expanded beyond the scope designated in discovery. (Dr. Augenstein was a member of the Virginia Medical Malpractice Review Board which considered whether Dr. Grubbs breached the standard of care in Mrs. Wertz's case.) Even if it were error to admit the testimony of Drs. MacKinnon and Augenstein, it was harmless. The district court specifically and convincingly established in its opinion that it would have arrived at the same determination based solely on the testimony of doctors other than MacKinnon and Augenstein.
 
 III.
 
 37
 The judgment of the district court is affirmed.
 
 AFFIRMED
 
 38
 WIDENER, Circuit Judge, concurring in the result:
 
 
 39
 I write separately on the issue of a court's discretion to grant relief from a party's failure timely to demand a jury trial. The right to trial by jury is guaranteed by the Seventh Amendment to the Constitution, and I am of opinion that district courts should grant a request for jury trial unless exceptional reasons exist for not doing so. However, under circuit precedent, if this court were to reach the merits of the Rule 39(b) motion, we would not find the district court's denial of a jury trial to be an abuse of discretion. Therefore, I reluctantly concur in the result reached today.
 
 
 40
 Even if the majority had addressed the merits of the Rule 39(b) motion as I believe it could have,* our precedent would mandate the same result. In General Tire & Rubber Co. v. Watkins, 331 F.2d 192 (4th Cir.), cert. denied, 377 U.S. 952 (1964), this court suggested that exceptional circumstances may be required to compel a court to grant a jury trial under Rule 39(b). 331 F.2d at 197. Absent such circumstances, a district court's decision to decline relief is not an abuse of discretion, and this court will not disturb it. See McCray v. Burrell, 516 F.2d 357, 371 (4th Cir.1975), cert. dismissed, 426 U.S. 471 (1976). I believe such an approach is contrary to the spirit of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution. I am of opinion that district courts should construe Rule 39(b) to allow jury trials upon any party's motion absent compelling reasons to decline the motion, and I believe the time has come for this circuit to adopt such an approach.
 
 
 41
 The Supreme Court has said of the Seventh Amendment right to jury trial that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." Dimick v. Schiedt, 293 U.S. 474, 486 (1935). Applying this principle in the context of a Rule 39(b) motion, district courts should proceed carefully before denying relief to a party who has failed to demand a jury trial timely under Rule 38. "Technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules.... The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 2334, at 115-16 (1971). Although the Fourth Circuit has not adopted this approach, I am of opinion that the time has come for us to join other circuits that have done so. See, e.g., Merritt v. Faulkner, 697 F.2d 761, 767 (7th Cir.1983) (noting that the mere fact that plaintiff moved for jury trial too late is not a strong or compelling reason to deny jury trial), cert. denied, 464 U.S. 986 (1983); AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir.1965) (holding that a court should grant a jury trial in the absence of strong and compelling reasons to the contrary); Swofford v. B & W, Inc., 336 F.2d 406, 409 (5th Cir.1964) (holding that when a court's discretion is invoked under Rule 39, the court should grant a jury trial in the absence of strong and compelling reasons to the contrary), cert. denied, 379 U.S. 962 (1965).
 
 
 42
 Cases removed from a state court, such as this one, offer even more reason to encourage courts to grant Rule 39(b) relief. In Cascone v. Ortho Pharmaceuticals Corp., 702 F.2d 389 (2d Cir.1983), the Second Circuit, although it finds the granting of a Rule 39(b) motion for mere inadvertence to be reversible error, see Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2d Cir.1967), adopted Wright and Miller's more liberal approach to Rule 39(b) motions specifically for cases in which a party's attorney desiring a jury trial finds herself in federal court through no choosing of her own. The court noted that:
 
 
 43
 [A]lthough we may not overlook lack of compliance with the federal procedural rules in removed cases, there is nonetheless some "play in the joints" for accommodating a removed party who may not be as at ease in the new surroundings imposed upon him. 702 F.2d at 392. This court should likewise encourage an approach to Rule 39(b) that takes notice of the state-court procedure regarding jury trials, in order to ensure that parties are not denied their Seventh Amendment right to a jury trial simply because their counsel is unfamiliar with federal-court rules. Although the Virginia Code may require a demand for a jury trial, see Va.Code Sec. 8.01-336, in practice, civil cases automatically are assigned to jury trial at docket call unless the plaintiff requests a bench trial or the parties agree to waive trial by jury. See Keatley v. Food Lion, Inc., 715 F.Supp. 1335, 1337 (E.D. Va.1989) (describing the custom of that Virginia trial court).
 
 
 44
 Accordingly, I am of opinion that the district court should have granted plaintiff's request for trial by jury. However, because under our current precedent the court's failure to do so was not an abuse of discretion, I concur in the result reached today by the majority opinion.
 
 
 
 [1]
 Fed.R.Civ.P. 38(b) requires a written demand for a trial by jury
 
 
 [2]
 Wertz also attempts to rely on local custom and practice in the Portsmouth Circuit Court which he says "authorizes a party to make demand for a jury trial at any time." Appellant's Br. at 34. Portsmouth custom or practice was characterized a bit differently in Keatley, 715 F.Supp. at 1337: civil cases are assigned for jury trial at docket call unless the plaintiff requests a bench trial or the parties agree to waive a jury. The difference in characterization is of no moment here, because Rule 81(c) compels us to look at state law, not local custom or practice
 
 
 [3]
 Wertz notes that the Seventh Amendment preserves the right to a jury trial in suits at common law. That amendment, however, does not invalidate practical procedural rules governing the invocation of that right. Galloway v. United States, 319 U.S. 372, 392 (1943); Capitol Traction Co. v. Hof, 174 U.S. 1, 23 (1899)
 
 
 [4]
 Wertz did not file a motion document of any kind on the jury trial issue. However, at the end of his "Brief In Support Of Plaintiff's Motion [sic] For A Jury Trial" Wertz "move[d][the] Court to allow a jury trial."
 
 
 [5]
 Although Fed.R.Civ.P. 8(f) calls for the liberal construction of pleadings, it is perilous to ignore Rule 7(b)(1) which requires a motion to be in writing and to "state with particularity the grounds therefor, and ... set forth the relief or order sought." Fed.R.Civ.P. 7(b)(1)
 
 
 [6]
 We have cited Keatley v. Food Lion for its interpretation of Rule 81(c) in light of Virginia law. See supra at 5. However, we neither endorse nor criticize Keatley's alternative holding, i.e., the discretionary denial of a jury trial under Rule 39(b)
 
 
 [7]
 Although the magistrate judge's ruling on the jury trial matter is noted on the docket sheet, he did not enter a written order. Fed.R.Civ.P. 72(a) provides that when a non-dispositive matter is referred to a magistrate judge he or she "shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter." (Emphasis added.) Wertz does not claim any prejudice from the lack of a written order. He knew about the magistrate judge's ruling, and his failure to seek review by the district judge had nothing to do with the lack of a written order from the magistrate judge
 
 
 [8]
 At oral argument counsel for both parties agreed that Wertz's counsel made some brief comment about the jury matter at the final pretrial conference. It was also agreed that the comment was quickly brushed aside by the district judge. There is no record of the final pretrial conference because it was conducted informally and not transcribed. Nor did Wertz attempt to make a record by filing a written motion or brief with the district judge. If Wertz wanted a discretionary order under Rule 39(b) to relieve him from his waiver of a jury trial, he was required to put that matter squarely before the district judge. There is no record that Wertz did that. Whatever was done at the final pretrial conference was too late and was not sufficient to preserve the issue for appeal
 
 
 *
 The majority finds that Wertz's request for discretionary relief under Rule 39 was not preserved for appeal, and therefore the majority does not remand the case for jury trial. I agree that there is some question whether Wertz properly made a Rule 39(b) motion and thereafter timely objected to its denial by the magistrate judge. Certainly, in the ordinary case, it is to be preferred that counsel comply strictly with the Rules of Civil Procedure. However, because the right to jury trial is a fundamental element of our judicial system, any manifestation of a party's desire for a jury trial should suffice as a motion under Rule 39(b). See Sofarelli Bros. v. Elgin, 129 F.2d 785, 787 (4th Cir.1942); see also FDIC v. Palermo, 815 F.2d 1329 (10th Cir.1987). Because Wertz requested a jury trial at the initial pretrial conference in his brief in support and during the final pretrial conference, I think the district court clearly had before it a Rule 39(b) motion. Although the district court referred the issue of the timeliness of Wertz's jury demand to a magistrate judge, the magistrate judge never filed a written opinion as he should have. It is not clear whether the magistrate judge was ruling only on the timeliness of Wertz's request under Rule 38, on a Rule 39 motion, or both. Because this is unclear and because this court has been willing to treat a plaintiff's mention of a jury trial in a letter, motion, and oral argument as a Rule 39(b) motion, see Sofarelli, 129 F.2d at 787, I am of opinion that this court should address the merits of Wertz's Rule 39 motion on appeal. Malbon v. Pennsylvania Millers Mut. Ins. Co., 636 F.2d 936 (4th Cir.1980) is not to the contrary. Malbon involved plaintiffs who claimed the district court erred by failing even to consider their request for Rule 39 relief. 636 F.2d at 940. The plaintiffs in Malbon did not claim that the district court abused its discretion in refusing to grant such relief, as Wertz does here. 636 F.2d at 940