Jonathan W. **LAW** and Melissa Beth Law, who sue by their mother and next friend, Cynthia M. Law, Plaintiffs,

v.

Roger D. **LAW**, Defendant.

Civ. A. No. 2:94cv412.

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 27, 1995.

---

Richard J. Conrod, Sr., Virginia Beach, VA, for plaintiffs.

Edward T. Caton, Virginia Beach, VA, for defendant.

*OPINION AND ORDER*

PRINCE, United States Magistrate Judge.

Plaintiffs, two infants who sue by their mother and next friend, filed a motion for jury trial more than five months following the filing of an answer by defendant, and almost four months following the initial pre-trial conference. Defendant has filed an objection.

This action was filed originally by plaintiffs with their mother, a law student, acting as their attorney. Upon motion *sua sponte*, the Court ordered Ms. Law to show cause why she should be permitted to appear as attorney for her children. Subsequently, the undersigned magistrate judge filed a Report & Recommendation that plaintiffs either retain counsel or suffer the dismissal of their case without prejudice.[1] No objections to the Report and Recommendation were filed, and subsequently, Richard J. Conrod, Sr., Esq., made an appearance on behalf of plaintiffs.[2]

The motion for jury trial is made pursuant to Federal Rule of Civil Procedure 38. That rule requires a party to demand a jury trial "at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue...." The "last pleading directed to such issue" was defendant's Answer filed on May 17. Rule 38(d) provides if a party does not make a demand as the rule requires, that constitutes a waiver by that party of a jury trial. Furthermore, Local Rule 20(A) of this Court provides: "Any demand for jury must be in writing and filed strictly in accordance with Rule 38, Federal Rules of Civil Procedure." Clearly, plaintiffs

1. The parties subsequently consented to proceed before a magistrate judge in accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

2. The Report and Recommendation was made immediately following an Order staying for 30 days any further proceedings. The recommendation was that if counsel did not appear for plaintiffs within thirty days after the Order staying the proceedings, the action be dismissed without prejudice. The Order and Report & Recommendation were filed on August 29, 1994. The Court received a facsimile from Mr. Conrod on September 29, which was 31 days later, stating that

he was considering representing plaintiffs. District Judge Raymond A. Jackson entered an Order on October 3, extending the stay until October 13, to permit Mr. Conrod to decide whether to make an appearance. On October 12, the Court received a letter from Mr. Conrod stating that he would represent plaintiffs. On October 19, a Jury Demand by plaintiffs was received and marked "FILED SUBJECT TO DEFECT. (Untimely.)" On October 21, a Motion For Jury Trial was received and similarly marked, but for "lacks certificate of service." An identical Motion For Jury Trial was then filed on October 24, with supporting memorandum.

**80**

are not entitled to demand a jury trial pursuant to Rule 38.[3]

 Fed.R.Civ.P. 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Although nowhere in the motion for a jury do plaintiffs ask the Court to exercise its discretion in granting them a jury trial,—indeed, they assert "another opportunity to demand a trial by jury"—nor do they in their memorandum in support of their motion mention discretion, the substance of their argument is not demanding, but prayerful for their interests as infants. Therefore, the Court will treat the motion as made under Rule 39(b). *Cf. Wertz v. Grubbs,* No. 93–2355, slip op. at 6–7, 1995 WL 3164 (4th Cir. Jan. 5, 1995).

As stated, this action was filed by plaintiffs through their mother, who sought to represent herself as the next friend of her children. On its own motion, the Court would not permit Ms. Law to represent her children, pointing out that the cause of action was theirs, and they were entitled to competent counsel. The children, of course, were the concern of the Court. They had alleged a claim through a representative who was legally not competent, and who had no right to represent them. They had not brought themselves before the Court, but found themselves here.

In *General Tire & Rubber Co. v. Watkins,* 331 F.2d 192 (4th Cir.), *cert. denied,* 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964), the court suggested that exceptional circumstances may be required to compel a court to grant a jury trial under Rule 39(b). *See also Wertz,* No. 93–2355, slip op. at 12 (Widener, J., concurring); *McCray v. Burrell,* 516 F.2d 357, 371 (4th Cir.1975) *cert. dismissed,* 426 U.S. 471, 96 S.Ct. 2640, 48 L.Ed.2d 788 (1976). The Court FINDS that this case presents exceptional circumstances. Two infants placed before the court without adequate representation seek a jury trial at the first opportunity they have. Under these circumstances, the Court will exercise the discretion it has under Rule 39(b) and grant the motion for a jury trial.

Inasmuch as the motion was made under Rule 38, and defendant responded accordingly with a succinct and correctly reasoned objection, the Court will reconsider its decision under Rule 39(b) if defendant moves for reconsideration within ten days after the filing of this Order.

### ORDER

For the reasons stated, it is ORDERED that plaintiffs' motion for a jury trial is GRANTED.

---

**3.** As stated in note 1, the first pleading filed by Mr. Conrod was Jury Demand, which was filed subject to defect. It was followed by Motion For Jury Trial, which, nevertheless, states that it is "to demand a trial by jury." (Motion For Jury Trial, Docket Entry # 16, ¶ 4.)