**Bruce WISE, # 126–284, Plaintiff,**

v.

**Commissioner Richard LANHAM,
et al., Defendants.**

**Civil No. AMD 94–2457.**

United States District Court,
D. Maryland.

April 18, 1997.

Peter Schleck, Gordan, Feinblatt, Rothman, Hoffberger & Hollander, L.L.C., Baltimore, MD, for plaintiff.

Kimberlly Smith Ward, Asst. Atty. Gen., Office of the Attorney General, Baltimore, MD, for defendants.

## ORDER

DAVIS, District Judge.

On September 2, 1994, plaintiff Wise, a Maryland prison inmate, instituted the instant action under 42 U.S.C. § 1983 against a host of state correctional officials and officers alleging myriad constitutional claims. He filed the complaint pro se. He did not request a jury trial. On March 22, 1995, defendants filed their answer. None of the defendants requested a jury trial. Thus, the deadline for Wise to request a jury trial was April 4, 1995. *See* Fed.R.Civ.P. 38(b).[1]

After Wise successfully resisted, in part, defendants' plenary motion for summary judgment, I appointed counsel to represent him and referred this case to a Magistrate Judge for an evidentiary hearing and a report and recommendation. Substitute counsel was subsequently appointed. Thereafter, on April 8 1997, counsel filed a Motion for Jury Trial, pursuant to Fed.R.Civ.P. 39(b)[2], and relying exclusively upon Wise's allegedly untutored inadvertence in failing to file and serve a timely request for jury trial as the justification for the exercise of the Court's discretion to allow the belated request, as authorized in Rule 39(b).

I am certainly sympathetic—consistent with Fourth Circuit precedent regarding treatment of pro se litigants, *see generally Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and with appropriate solicitude for the constraints burdening those untrained in the niceties of legal practice—to the plight of prisoners who fail to make a timely request for a jury trial. Nevertheless, there is no persuasive reason to grant the request made here. In denying an earlier request for the appointment of counsel filed by Wise, I noted that he had "articulated the facts, legal claims, and grounds for relief in the instant matter without notable difficulty" and "cogently." Order of November 2, 1995.

The fact is, many inmates would rather *not* have a jury trial in these kinds of cases. This is understandable since inmates well know that juries often find it difficult (despite their best efforts to follow the law) to muster the fortitude to make a damage award in favor of an offender serving a significant sentence for a serious offense (facts likely to be relevant and admissible in excessive force cases) for alleged injuries inflicted by often overstressed and vulnerable correctional officers, even where there is substantial evidence of a constitutional violation occurring within prison walls. This observation is borne out, in part, by the recent announcement of the Maryland Attorney General that his office would request jury trials in an increasing number of these kinds of cases.

Moreover, while Fed.R.Civ.P. 39(b) grants the authority to vitiate Wise's waiver of a jury trial, it would largely pervert Rule 38 effectively to amend it to allow prisoners several years of additional time to decide whether a jury trial is in their best interest in excessive force cases. Unlike the situation in several of the other circuits, the law in the Fourth Circuit continues to recognize a broad discretion in district judges under Rule 39(b).[3] In the informed exercise of that

---

1. Rule 38(b) allows a request for jury trial to be served on an opponent "not later than 10 days after the service of the last pleading directed to [any issue triable by right to jury]" Thus, under Fed.R.Civ.P. 6(a) (computation of time) and 6(e) (three days added to allowed period for action when time period is triggered by a paper served by mail), Wise had 13 days from March 22, 995, i.e, April 4, 1995, in which to file a timely request for jury trial.

2. Rule 39(b) provides as follows.

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

3. In an unreported *per curiam* decision affirming a district court's denial of a jury trial request in a removed case governed by Fed.R.Civ.P. 81(c), *Wertz v. Grubbs*, 1995 WL 3164, *6–7 (4th Cir. Jan.5, 1995), Judge Widener's concurring opin-

discretion here, I am persuaded on this record that substantial justice will not be denied Wise by a non-jury trial in this case.

Accordingly, it is this 18th day of April, 1997, by the United States District Court for the District of Maryland, ORDERED

(1) That the Motion for Jury Trial is DENIED; and it is further ORDERED

(2) That the Clerk of the Court MAIL copies of this Order to plaintiff, counsel for the parties and to United States Magistrate Judge Daniel T. Klein, Jr.

---

ion lamented, in well-considered *dicta*, that the Fourth Circuit's Rule 39(b) jurisprudence is outdated:

I write separately on the issue of a court's discretion to grant relief from a party's failure timely to demand a jury trial. The right to trial by jury is guaranteed by the Seventh Amendment to the Constitution, and I am of opinion that district courts should grant a request for jury trial unless exceptional reasons exist for not doing so. However, under circuit precedent, if this court were to reach the merits of the Rule 39(b) motion, we would not find the district court's denial of a jury trial to be an abuse of discretion. Therefore, I reluctantly concur in the result reached today.

Even if the majority had addressed the merits of the Rule 39(b) motion as I believe it could have, our precedent would mandate the same result. In *General Tire & Rubber Co. v. Watkins*, 331 F.2d 192 (4th Cir.), *cert. denied*, 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964), this court suggested that exceptional circumstances may be required to compel a court to grant a jury trial under Rule 39(b). 331 F.2d at 197. Absent such circumstances, a district court's decision to decline relief is not an abuse of discretion, and this court will not disturb it. *See McCray v. Burrell*, 516 F.2d 357, 371 (4th Cir.1975), *cert. dismissed*, 426 U.S. 471, 96 S.Ct. 2640, 48 L.Ed.2d 788 (1976). I believe such an approach is contrary to the spirit of the Federal Rules of Civil Procedure and the Seventh Amendment to the Con-

stitution. I am of opinion that district courts should construe Rule 39(b) to allow jury trials upon any party's motion absent compelling reasons to decline the motion, and I believe the time has come for this circuit to adopt such an approach.

The Supreme Court has said of the Seventh Amendment right to jury trial that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick v. Schiedt*, 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935). Applying this principle in the context of a Rule 39(b) motion, district courts should proceed carefully before denying relief to a party who has failed to demand a jury trial timely under Rule 38. "Technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules.... The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2334, at 115–16 (1971). Although the Fourth Circuit has not adopted this approach, I am of opinion that the time has come for us to join other Circuits that have done so. (footnote and citations omitted)